Henderson W. Morrison, J.
The above four actions have been brought by the respective plaintiffs in each of the above-entitled *1087 cases to recover for goods sold and delivered. All four plaintiffs are represented by the same firm of attorneys; all of the defendants are represented by the same attorney. Inasmuch as the motions herein were all made simultaneously, the memoranda submitted were addressed to all four cases, and the decision in all four cases will involve the application of the same statutes and to some extent the same legal principles, this single decision will cover the determinations in all four cases, though separate orders will be filed in each case.
The defendants in all of the cases have moved, before answering, to dismiss the respective complaints upon the many grounds set forth in the notice of motion. Subsequent to the argument of the motions, the matters were set down by the court for a hearing to determine whether the person served with the summonses and complaints was a proper person within the meaning of CPLR 311 to receive process on behalf of the defendant Island Garden Center of Nassau, Inc. At the time set for the hearing and in lieu thereof, a stipulation was entered into between the attorneys for the respective parties by which it was agreed that the service of the summons and complaint upon Island Garden Center of Nassau, Inc. be accepted and deemed valid service as to Island Garden Center of Nassau, Inc., but leaving for determination of the court the question of law as to whether service upon the one corporation shall be deemed good and effective service to give the court jurisdiction over the several other corporations.

As to the action hy the plaintiff John’s, Inc.

While the summons herein indicates the plaintiff’s “ residence ” as “ Apopha, Fla.”, the complaint alleges that the plaintiff is a “ domestic corporation.” The attorney for the plaintiff asserts that this was an ‘ ‘ oversight ” or “ mistake ’ ’ on his part which he asks leave to correct so as to allege that this plaintiff is a “ foreign corporation.” This application for leave to amend the complaint in this respect is granted.
The defendants charge and the plaintiff concedes that the plaintiff “ John’s, Inc.” has not filed a certificate authorizing it to do business in New York State. It is the defendants’ contention that the plaintiff John’s, Inc., therefore lacks the capacity to sue and is deprived by section 1312 of the Business Corporation Law of the right to institute an action in the courts of this State. However, there is nothing in the complaint or in the affidavits submitted on this motion to indicate that the plaintiff is or ever has been “ doing business ” within the State of New York to the extent necessary to prevent it from utilizing *1088 the facilities of the New York State courts. Nor is there any indication that the contract of sale sued upon was made in New York State. The burden of proof of these issues lies with the defendants (General Knitting Mills v. Rudd Plastic Fabrics Corp., 212 N. Y. .S. 2d 783; Knight Prods, v. Donnen-Fuel Co., 20 N. Y. S. 2d 135). In view of the erroneous allegations contained in the present complaint, the defendants are given leave to plead and to offer proof upon the trial, if they see fit, to the effect that the plaintiff has been or is “ doing business ’ ’ in the State of New York, or that the contract was made in New York.
The defendants, other than Island Garden Center of Nassau, Inc., further assert that this court has no jurisdiction over them, since no officer or other person described in CPLR 311 as authorized to receive process on their behalf has in fact been served and that ‘‘ Island Garden Center, Inc.” has in fact no legal corporate existence.
The plaintiff concedes that it is unable to establish any legal corporate existence for the entity designated as ‘ ‘ Island Garden Center, Inc.” The documents submitted on the motion for all practical purposes negate any such finding. However, the plaintiff John’s, Inc. is suing all of the corporate defendants as a joint venture doing business under the assumed name “ Island Garden Center, Inc.” Plaintiff John’s, Inc. contends that under these circumstances, it is immaterial that Island Garden Center, Inc. has no legal corporate existence.
Plaintiff John’s, Inc. contends that since the defendants are being sued as joint ventures or as corporate copartners, service upon one member of the partnership constituted good and valid service upon all of the other members of the partnership (CPLR 310).
In support of this contention, plaintiff has annexed photostatic copies of a “ purchase order ” addressed to the plaintiff and containing the printed name, ‘ ‘ Island Garden Center, Inc. ’ ’ in large letters on the upper left-hand side of the page, together with three other corporate names. On the upper right-hand side of the page are listed eight “ delivery and invoice addresses,” including among others: “ island garden center, inc., — queens, Francis Lewis Blvd. & 35th Ave., Bayside — Flushing, L. I., N. Y.; island garden center, inc., — Nassau, Northern Blvd. & Glen Cove Rd., Roslyn — • Greenvale, L. I., N. Y.; island garden center, inc. — suefolk, 881 Walt Whitman Road (Rt. 110), Pluntington, L. I., N. Y.” The document directs that duplicate invoices in each case be sent to the Queens address above noted. Plaintiff John’s, Inc., has also annexed a photo static copy of a *1089 letter addressed to the plaintiff in the above-entitled companion action of Ronconi Equip. Co. v. Island Garden Center.
Island Garden Centers, Inc.
Your One Stop Garden Shop 35-26 Francis Lewis Blvd.
Flushing, Long Island, New York
November 19, 1965
Mr. Ronconi
Ronconi Equipment Co., Inc.
615 Fifth Avenue
P 0 Box 274
Larchmont, New York
Dear Mr. Ronconi:
About a week ago we had a great misfortune when our Suffolk branch completely burned down.
Until the insurance companies complete their adjusting, which should take a month or so, our operations will naturally be tied up. When this is completed we will be back in a position to satisfy our obligations.
Thanking you in- advance for your cooperation and patience in this matter. I remain,
Respectfully,
Island Garden Centers, Inc.
/s/ Anthony R. Clineo
President
ARC :td
queens — ■ Francis Lewis, Blvd. & 35th Ave. (At the 35th Ave. Traffic Circle), Bayside — Flushing, L. I., N. Y., IN 3-8050.
NASSAU — -Northern Blvd. & Glen Cove Rd. (1 mile north of L. I. Expressway), Roslyn — Greenvale, L. I., N. Y., MA 1-4100.
Suffolk ■ — -881 Walt Whitman Rd. (Rt. 110) (2 miles north of L. I. Expressway), Huntington — Melville, L. I., N. Y., HA 1-1611.
Thus the true, full corporate names of the corporate defendants are entirely omitted from these two documents, and only simulated approximations or completely false distortions are used.
Subdivision (a) of section 202 of the Business Corporation Law, which became effective September 1, 1963, so far as here pertinent, provides:
“ (a) Each corporation, subject to any limitations provided in this chapter or any other statute of this state or its certificate of incorporation, shall have power in furtherance of its corporate purposes: * * *
“ (2) To sue and be sued in all courts and to participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in like cases as natural persons. * * *
“ (15) To be a promoter, partner, member, associate or manager of other business enterprises or ventures, or to the extent *1090 permitted in any other jurisdiction to he an incorporator of other corporations of any type or kind. ’ ’
There has thus been introduced into the corporate law of New York State a new concept which now empowers a corporation to act in the capacity of a “ partner ” or “ joint venturer ” to the same extent that an individual may do so. This carries with it all the corollary rights, duties and responsibilities (see Commentary under ‘ ‘ legislative studies and reports ” relating to paragraph (15) of subdivision (a) of section 202 of the-Business Corporation Law, McKinney’s Cons. Laws of N. Y., Book 6, p. 56). A corporation may now be sued in the capacity of a partner in the same manner as a natural person.
From the affidavits and documents submitted it would clearly appear that there has been a holding out by the defendants that they were operating together as a joint venture or partnership under the name, “ Island Garden Centers, Inc.” and under the titular leadership of Anthony B. Clinco, who signs himself as “ president ” thereof. The papers submitted indicate that Mr. Clinco is in fact the president of all of the defendant corporations. Defendants’ own correspondence refer to the Suffolk unit as their “ Suffolk Branch.” The centralization of the bookkeeping at the Queens address, while not determinative, is another indicia to third parties of a common pooling of activities into a joint venture type of operation. This is particularly so when the true corporate names of the defendants are obscured in the manner indicated in these documents. With respect to the letter heretofore quoted it appears that in that transaction the defendants were seeking an indulgence from a creditor who had delivered goods to the Nassau location and promised to make payment when insurance moneys were received covering a fire which occurred at its Suffolk “ Branch.”
Joint venturers are subject to the same rules as a technical partnership. Generally speaking, the principles of law of partnership apply to a joint venture, at least by analogy (Napoli v. Domnitch, 34 Misc 2d 237, mod. on other grounds 18 A D 2d 707). In view of the provisions of paragraphs (2) and (15) of subdivision (a) of section 202 of the Business Corporation Law empowering a corporation to become and to act as a member of a partnership or joint venture, there appears to be no logical reason why the provisions of section 27 of the Partnership Law (creating partnerships by estoppel as to third persons) should not be applied to a corporation as well as any other persons holding themselves out to third persons as 11 partners ” or “ joint venturers.”
*1091 The manner in which the defendants conducted business and held themselves out to persons dealing with them under an assumed fictitious and nonexistent corporate title would appear to estop them from denying that they were joint venturers. To permit them to use their own fictitious creature to the detriment of the plaintiff would most certainly constitute a glaring example of misuse of the corporate veil as a sword rather than as a shield.
CPLR 310 provides as follows§ 310. Personal service upon a partnership. Personal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them.”
On the basis of the documents and affidavits before me, I hold that service of process upon Island Garden Center of Nassau, Inc. constituted good and valid service of process by the plaintiff John’s, Inc. upon the other corporate defendants, who were, insofar as this plaintiff is concerned, 1 ‘ joint venturers ” or “ partners.” Plaintiff John’s, Inc., is given 10 days from the date of receipt of a copy of the order to be filed herein within which to serve an amended complaint upon the attorney for the defendants, setting forth that it is a “foreign corporation.” The defendants shall then serve its answer to the amended complaint within 10 days after such service.

As to the actions by the plaintiffs C. J. Zowneveld & Sons, Inc., Smith Douglas Company, Inc., Ronconi Equipment Company, Inc.:

In view of the decision herein, with respect to the action by the plaintiff John’s, Inc., and for the reasons therein indicated, I am granting the cross motions by the plaintiffs to amend their respective summonses and complaints so as to allege and indicate that these actions are being brought against the corporate defendants individually and doing business under the joint venture known as “Island Garden Center, Inc.” However, in these latter three cases, neither the original summons nor complaint described the defendants as joint venturers. Thus, Island Garden Center, of Nassau, Inc. in these cases can only be deemed to have been served in its individual capacity and not in the capacity of a partner or joint venturer. In these three cases, therefore, the court has not acquired jurisdiction over the other corporate defendants. Service not having been made upon Island Garden Center of Nassau, Inc. in its capacity as a joint venturer or copartner, service upon it cannot be ' deemed to be service upon the other “ corporate ” partners, as was the situation in the “ John’s, Inc.” case. These three plaintiffs will serve a copy of their respective amended summonses and complaints upon the attorney for the defendant Island *1092 Garden Center of Nassau, Inc. within 10 days of receipt of a copy of the order to be filed in each case. The defendant Island Garden Center of Nassau, Inc. shall have 10 days within which to interpose an answer to the amended complaint. Not having as yet acquired jurisdiction of the other defendants in these cases in any capacity, the court is without power to direct them to answer. The motions of the defendants are granted to the extent that the summons and complaints are vacated and dismissed in each of these three cases as against the defendants Island Garden Center, Inc., Island Garden Center of Queens, Inc., Island Garden Center of Suffolk, Inc., without prejudice to the right of the plaintiff to serve the amended summonses and complaints heretofore referred to upon these defendants individually or in their capacities as joint venturers or copartners.
In the action brought by the plaintiff Smith Douglas 'Company, Inc., the defendants have raised two additional grounds as the basis for the dismissal of their complaints: (1) that another action is pending, etc., (2) that the plaintiff is not the real party in interest. The motions are denied insofar as these two items are concerned. Defendants also argue that the plaintiff Smith Douglas Company, Inc., is a foreign corporation, not authorized to do business in New York State, and may not sue in the courts of New York State. For the same reasons heretofore indicated with respect to the plaintiff John’s, Inc., the motion to dismiss for plaintiff’s alleged lack of capacity to sue is also denied, with leave to the defendant Island Garden Center of Nassau, Inc. to plead and offer proof upon the trial if they see fit, to the effect that the plaintiff has or is doing business in the State of New York, or that the contract involved was made in the State of New York.