■ ROBERT W. MANFRIDA, Appellant, v CITY OF NEW ROCHELLE et al., Defendants, and JAMES E. MALONE, Respondent.—In an action, *inter alia,* to

recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Westchester County, entered October 12, 1977, which (1) granted defendant Malone's motion to dismiss the amended complaint as against him and (2) denied his cross motion to file proof of service *nunc pro tunc.* Order modified by (1) deleting therefrom the provision which granted the motion of defendant Malone and substituting therefor a provision that the motion is denied, and (2) deleting from the second paragraph thereof all language after the words "is denied", and substituting therefor the following: "as academic". As so modified, order affirmed, with $50 costs and disbursements. Defendant Malone's time to answer is extended until 30 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. This action, which is predicated upon contract and tort claims, was commenced against the City of New Rochelle by service of a summons only on July 3, 1975. On August 14, 1975 an amended summons and the complaint were served upon defendants Meyer and Malone. The process server, in his affidavit of service, stated that he had been unable to locate Mr. Malone at his New Rochelle home and that he left a copy of the amended summons and the complaint on the door handle. Copies were then mailed to Mr. Malone's New Rochelle address and to his forwarding address in Arlington, Virginia. An answer on behalf of all defendants was submitted by the Corporation Counsel of the City of New Rochelle on August 20, 1975. The answer did not raise an objection as to lack of personal jurisdiction over any of the defendants. Thereafter, Special Term dismissed the causes of action sounding in tort against all of the defendants for failure to plead compliance with the notice of claim requirements of section 50-e of the General Municipal Law. As to the individual defendants, the court noted that the complaint referred to their actions in their capacities as employees of the City of New Rochelle. Leave was granted to the plaintiff to replead his causes of action in contract and tort against the individual defendants. On March 15, 1977 plaintiff served defendant Malone with an amended complaint, seeking damages against him in his individual capacity. Subsequent thereto, Malone made the present motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8), upon the ground that the court lacked personal jurisdiction. We hold that when defendant Malone made the present motion he had already waived any objection he had on the ground that the court lacked personal jurisdiction. By filing an answer without asserting a claim that the court lacked jurisdiction over his person, he relinquished his right to proceed under CPLR 3211 (subd [a], par 8). (See CPLR 3211, subd [e]; *Dutchess Bank & Trust Co. v Holden Constr. Co.,* 49 AD2d 901.) Furthermore, there was no requirement on the part of plaintiff to serve Malone, in his individual capacity, with a further summons. Service of the amended summons upon Malone in August, 1975 was effective to subject him to the court's jurisdiction in an individual capacity, as well as in a representative one. (See *Boyd v United States Mtge. & Trust Co.,* 187 NY 262; *Port Chester Elec. Co. v Ronbed Corp.,* 28 AD2d 1008.) Mollen, P. J., Hopkins, Titone, Shapiro and Hawkins, JJ., concur.