■ ERLENE JOHNSON, an Infant, by Her Guardian ad Litem, NEAL FORMAN, et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants. — In a negligence action to recover damages for personal injuries, etc., the parties cross-appeal from a judgment of the Supreme Court, Kings County (Dowd, J.), dated December 7, 1983, which, after a jury trial, was in favor of the plaintiffs in the principal amount of $250,000.

Judgment modified, on the facts and as a matter of discretion, by granting plaintiffs a new trial with respect to damages unless defendants shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the award of damages from the principal sum of $250,000 to the principal sum of $350,000, and to entry of an amended judgment accordingly. As so modified, judgment affirmed, with costs to plaintiffs. In the event defendants so stipulate, then judgment, as so increased and amended, affirmed, with costs to plaintiffs. Defendants' time to serve and file a stipulation is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry.

The infant plaintiff suffered third degree burns on both hands requiring amputation of three fingers, skin grafts and numerous surgical procedures to remove scar tissue. The injuries were the result of child abuse committed during the pre-adoptive period by one of the prospective parents with whom the child was placed by defendants. The jury's verdict found that defendants were not negligent in their investigation of the prospective parents or in their decision to place the child in the pre-adoptive home where she was injured, but found that defendants had failed to exercise due care in their supervision of the family during the pre-adoptive period and therefore were liable for the harm caused by the abusive acts of the prospective parent. This verdict was based on a reasonable interpretation of the evidence presented (*Busby v Malone,* 54 AD2d 572; *see also, Barnes v County of Nassau,* 108 AD2d 50).

The damages awarded were inadequate to the extent indicated. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.