GARY YOUNG et al., Plaintiffs, v CASABONNE BROTHERS, INC., Respondent, et al., Defendants, and HERBERT ELLIS et al., Defendants and Third-Party Plaintiffs-Respondents. ZECHNER TILE COMPANY, INC., Third-Party Defendant-Appellant. (And a Related Third-Party Action.)

Third Department, March 2, 1989

**APPEARANCES OF COUNSEL**

*Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander (Frank J. Warner, Jr.,* and *Margaret Comard Lynch* of counsel), for third-party defendant-appellant.

*Friedman, Maksail, Hirschen & Miller (Kevin M. Thiemann* and *Robert H. Coughlin, Jr.,* of counsel), for defendants and third-party plaintiffs-respondents.

*James L. Pemberton (Paul Briggs* of counsel), for respondent.

OPINION OF THE COURT

KANE, J. P.

Plaintiff Gary Young (hereinafter plaintiff), an employee of third-party defendant, Zechner Tile Company, Inc. (hereinafter Zechner), was injured while performing construction work on a building owned and being developed by defendants and third-party plaintiffs, Herbert Ellis, Historic Development Associates and City of Albany Industrial Development Agency (hereinafter collectively referred to as the owners). The incident occurred due to the collapse of scaffolding. As a result, plaintiff and his wife commenced this action against, among others, the owners and defendant Casabonne Brothers, Inc., the general contractor hired to perform the work on the building where plaintiff was injured. Plaintiff's complaint alleged negligence and Labor Law violations. Thereafter, the owners commenced a third-party action against Zechner, a subcontractor for Casabonne, asserting, *inter alia,* claims for contribution and indemnification. Casabonne then made a cross claim against Zechner.

After joinder of issue, plaintiffs moved for summary judgment on the issue of liability against, among others, the owners and Casabonne. The owners, together with certain other defendants, moved for summary judgment against Casabonne and Casabonne in turn moved for summary judgment against Zechner. Supreme Court denied all of the motions except plaintiffs' and granted plaintiffs partial summary judgment on the issue of liability under Labor Law § 240 against, among others, the owners and Casabonne. However, upon reargument, the court granted the owners' motion against Casabonne on the issue of liability. The court also granted Casabonne's motion to the extent that it awarded summary judgment to Casabonne against Zechner on the question of liability under Labor Law § 240; the claim by Casabonne for common-law indemnity from Zechner was denied. The court subsequently granted another summary judgment motion made by the owners against Zechner based on common-law indemnity. Zechner now appeals from the order granting Casabonne partial summary judgment against it and from the order granting the owners summary judgment against it.

We turn first to the question of whether Supreme Court properly determined that Zechner was liable to Casabonne under Labor Law § 240. Owners and general contractors are strictly liable under Labor Law § 240 for injuries to their

workers regardless of whether the owner or general contractor is at fault *(Heath v Soloff Constr.,* 107 AD2d 507, 510; *see, Haimes v New York Tel. Co.,* 46 NY2d 132). Here, however, Supreme Court found the subcontractor (Zechner) liable to the general contractor (Casabonne) under Labor Law § 240. In our view, this was improper. The purpose of the statute is to protect laborers from unsafe working conditions *(Haimes v New York Tel. Co., supra,* at 136-137; *Yearke v Zarcone,* 57 AD2d 457, 459-460, *lv denied* 43 NY2d 643), not to protect general contractors or to apportion fault among codefendants. Labor Law § 240 is a strict liability statute in derogation of the common law; accordingly, it should not be construed beyond its express intent *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 311). A reading of the statute provides no support for a general contractor to obtain judgment against a subcontractor on the question of liability.

■ We turn next to the question of whether the owners were entitled to summary judgment against Zechner based on common-law indemnity. Initially, we agree with Supreme Court's determination that the owners were only vicariously liable under Labor Law § 240. There was no evidence that the owners supervised, managed or otherwise controlled the work-site or that they were responsible for the safety of the workers on the site. Further, Casabonne's contracting agreement stipulated that Casabonne was responsible for all safety precautions for the job and it assumed sole responsibility for supervising, directing and otherwise carrying out the contract *(see, Heath v Soloff Constr., supra,* at 513).

■ Nevertheless, the owners were not entitled to an award of common-law indemnification against Zechner. It is true that an owner who is only vicariously liable under the Labor Law may obtain "full indemnification * * * from the actor who caused the accident * * * and, where the cause is shared, contribution" *(Kelly v Diesel Constr.,* 35 NY2d 1, 6-7). Therefore, here the owners should be able to recover from the parties responsible for the accident. However, the degree of Zechner's culpability has not yet been determined. As the Court of Appeals has noted, "the burden may be shifted to the party *actually* responsible for the accident" *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 301 [emphasis supplied]). The record in this case indicates that both Casabonne and Zechner were responsible for safety at the worksite and Supreme Court stated that there was a question of fact as to whether Casabonne or Zechner was "actually controlling the work area and

scaffolding" and that a trial was required on "the apportionment of fault". Therefore, insofar as there has, as yet, not been any apportionment of liability between Casabonne and Zechner, an award of common-law indemnification against Zechner was improper *(cf., Kemp v Lakelands Precast,* 55 NY2d 1032; *Glielmi v Toys "R" Us,* 94 AD2d 663, *affd* 62 NY2d 664).

■ As a final matter, we note that the decision granting Casabonne's motion for partial summary judgment against Zechner specifically stated that it was only on that aspect regarding liability under Labor Law § 240; the motion insofar as it was based on common-law indemnification was denied. However, the order based on this decision stated only that summary judgment was awarded to Casabonne. No mention of the partial denial was made. Nevertheless, the discrepancy between the decision and order was "merely a matter of form" and we may accord "the order the effect patently intended" *(Matter of Perry v Zarcone,* 77 AD2d 881, 882, *appeal dismissed* 52 NY2d 785).

MIKOLL, YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Order entered June 13, 1988 modified, on the law, without costs, by reversing so much thereof as granted defendant Casabonne Brothers, Inc.'s motion for partial summary judgment against third-party defendant, Zechner Tile Company, Inc., on the question of liability under Labor Law § 240; motion denied to that extent; and, as so modified, affirmed.

Order entered July 21, 1988 reversed, on the law, without costs, and motion denied.