■ JACK BULSON, JR., Respondent-Appellant, v 1929 ASSOCI-ATES et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. JOHN LEACH et al., Third-Party Defendants-Appellants-Respondents.—In an action to recover damages for personal injuries, the third-party defendants appeal from a judgment of the Supreme Court, Rockland County (Stolarik, J.), dated May 26, 1987, which is in favor of the plaintiff and against the defendants third-party plaintiffs in the principal amount of $350,000, and is in favor of the defendants third-party plaintiffs and against them in the principal amount of $350,000. The plaintiff cross-appeals from the same judgment upon the ground of inadequacy, and the defendants third-party plaintiffs cross-appeal from so much of the same judgment as is in favor of the plaintiff and against them.

Ordered that the cross appeal of the defendant third-party plaintiff Pre Fab City, Inc., is dismissed as abandoned; and it is further,

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted on the issue of damages unless within 30 days after service upon them of a copy of this decision and order, with notice of entry, the defendants third-party plaintiffs and the third-party defendants shall serve and file in the office of the Clerk of the Supreme Court, Rockland County, a written stipulation consenting to increase the awards of damages in favor of the plaintiffs and defendant third-party plaintiffs to $500,000, respectively, and to entry of an amended judgment accordingly. In the event that the defendants third-party plaintiffs and third-party defendants so stipulate, then the judgment, as so increased and amended, is affirmed; and it is further,

Ordered that the plaintiff is awarded costs.

The plaintiff, who had one week's experience as a roofer, was severely burned when he was splashed with hot tar. The accident occurred in an alleyway that was between 15 and 16 inches wide. It was bordered on the right side by a roof that

was pitched at a 45-degree angle, and on the left side by a skylight. The plaintiff had carried a bucket of hot tar down the alleyway and was about to pour it. When he placed his foot on the skylight, as his co-worker had done, his foot broke through the skylight. The bucket the plaintiff was carrying went into the air, and its contents fell on the plaintiff's face, neck, arm, and back.

The trial court properly granted judgment as a matter of law on the issue of the liability of the defendants third-party plaintiffs under Labor Law § 240 (1). It is apparent from the record that the workers on the roof were in danger of falling through the skylight, and that no safety devices were placed to protect them from this danger. The defendants third-party plaintiffs offered no evidence to the contrary. Since there were no safety devices to protect the workers, and since the failure to provide such devices was the proximate cause of the plaintiff's injury, the trial court properly granted judgment as a matter of law on the issue of the liability of the defendants third-party plaintiffs (see, Labor Law § 240 [1]; Bland v Manocherian, 66 NY2d 452, 459; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523; Gandley v Prestige Roofing & Siding Co., 148 AD2d 666).

The trial court also properly awarded judgment in favor of the defendants third-party plaintiffs and against the third-party defendants. Under the circumstances of this case, the defendants third-party plaintiffs are entitled to be indemnified (see, Kelly v Diesel Constr. Div., 35 NY2d 1, 6; Rogers v Dorchester Assocs., 32 NY2d 553, 563).

The damages awarded were inadequate to the extent indicated (see, Gallo v Supermarkets Gen. Corp., 112 AD2d 345, 346-347; Johnson v City of New York, 111 AD2d 782). Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.