■ DONALD K. PIETSCH et al., Appellants, v MOOG, INC., Respondent and Third-Party Plaintiff-Appellant. WRIGHT AssOCIATES BUILDING CORP., Third-Party Defendant-Respondent. —Order insofar as appealed from unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff Donald Pietsch, a bricklayer, was injured while working at a construction site when he fell between a cross wall and a scaffold. He was employed by third-party defendant Wright Associates Building

Corp. (Wright); third-party plaintiff Moog, Inc. (Moog) was the owner of the construction site. At the time of the accident, Mr. Pietsch was working on a scaffold approximately six feet off the ground, and as he stepped from that scaffold across the cross wall to another scaffold, his right foot entered a gap between the wall and the second scaffold, causing him to fall. Supreme Court, relying on *Parsolano v County of Nassau* (93 AD2d 815), denied plaintiffs' motion for partial summary judgment on liability under section 240 (1) of the Labor Law. The court reasoned that the only evidence that Mr. Pietsch's injuries resulted from a fall was his own statements. We disagree.

In addition to Mr. Pietsch's testimony, a co-worker alleged that he saw Mr. Pietsch fall a distance of 2 to 3 feet after his leg got caught in a hole between the wall and the scaffold. Other co-workers testified about the unsafe condition of the scaffold. Those unrefuted allegations were sufficient to establish that Moog violated its statutory duty as owner to place and erect the scaffolding so as to give proper protection to Mr. Pietsch and that the violation proximately caused Mr. Pietsch's injuries *(see, Klien v General Foods Corp.,* 148 AD2d 968; *Heath v Soloff Constr.,* 107 AD2d 507, 510).

There is no merit to Moog's argument, raised for the first time on appeal, that section 240 (1) does not apply because Mr. Pietsch fell "at" but not "from" a height and thus, did not fall below the level of the scaffold. This is too restrictive an interpretation of our recent decision in *Staples v Town of Amherst* (146 AD2d 292). There we reaffirmed that the statute was intended to apply to construction workers injured by a fall from an unsafe elevated workplace. That is precisely what occurred here since Mr. Pietsch fell into a gap between the cross wall and scaffold. A fall between scaffolding and a wall and a fall from scaffolding are indistinguishable for purposes of applying section 240 (1) of the Labor Law.

Supreme Court also erred in denying Moog's motion for a conditional judgment against Wright on its claim for common-law and contractual indemnification. Such judgments are proper in an appropriate case *(see, McCabe v Queensboro Farm Prods.,* 22 NY2d 204, 208) and here it is clear that Moog is entitled to indemnification *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1). Moog's liability is purely statutory and based solely on its status as owner of the construction site. The record establishes that Wright had sole direction and control of the work and owned and erected the scaffolding. Moog did not exercise any control over the construction project *(cf., Young v*

*Casabonne Bros.,* 145 AD2d 244, 247-248). Moreover, the contract between Moog and Wright provided that Wright, as general contractor, was responsible for all safety precautions and compliance with all provisions of the Labor Law. Under these circumstances Moog is entitled to a conditional judgment of indemnification against Wright *(see, Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 959-960; *Blair v County of Albany,* 127 AD2d 950, 951; *La Vack v National Shoes,* 124 AD2d 352, 353; *Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.,* 107 AD2d 450, 452, *affd* 65 NY2d 1038). (Appeals from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Green, Balio, Lawton and Davis, JJ.