David A. Brown, Appellant, v Sagamore Hotel et al., Respondents. (And a Third-Party Action.)

Third Department, December 3, 1992

48

**APPEARANCES OF COUNSEL**

*Bartlett, Pontiff, Stewart, Rhodes & Judge, P. C.,* Glens Falls *(John J. Poklemba* of counsel), for appellant.

*Brooks & Meyer,* Lake Placid *(Richard Meyer* of counsel), for Green Island Associates, respondent.

*Fitzgerald, Morris, Baker & Firth,* Glens Falls *(Robert P. McNally* of counsel), for L.F. Driscoll Company, respondent.

## OPINION OF THE COURT

MERCURE, J.

Plaintiff brought this action against, among others, defendants Kennington Properties, Inc. and Green Island Associates (hereinafter collectively referred to as defendants) to recover for injuries sustained in a January 14, 1985 construction accident at the Sagamore Hotel in the Town of Bolton, Warren County. It is undisputed that Green Island, a general partnership, is equitable owner of the property and that Kennington, Norman Wolgin and Marion Wolgin are its general partners. Plaintiff moved for summary judgment on the issue of liability under Labor Law § 240 (1). Defendants and third-party defendant Warren and Washington Industrial Development Agency (hereinafter the IDA), the record owner of the property for the purpose of industrial development financing, cross-moved for summary judgment dismissing the complaint on jurisdictional and Statute of Limitations grounds or, alternatively, for summary judgment on their indemnity claim against third-party defendant L.F. Driscoll Company. Supreme Court denied the motion and cross motion. This appeal ensued.

■ When the matter was first before us, it was plaintiff's claim that jurisdiction had been obtained over Green Island by service of a copy of the summons with notice upon an authorized agent of Kennington in California or, alternatively, by "nail and mail" service upon Norman Wolgin at his residence in the Town of Bolton. On the record as it then existed, we were unable to determine whether service had been timely effected upon Kennington or Green Island. Concluding that the potentially dispositive jurisdictional and Statute of Limitations objections should be resolved prior to consideration of the merits of plaintiff's action, we remitted the matter to Supreme Court for a hearing pursuant to CPLR 3212 (c) (183 AD2d 988). At the hearing conducted pursuant to our direction, it was established, and defendants now concede, that a copy of the summons with notice was served upon the Warren County Sheriff on January 12, 1988, thereby extending the Statute of Limitations by 60 days *(see,* CPLR 203 [b] [5]), and that Kennington, a California corporation authorized to trans-

act business in New York, was timely served with the summons with notice by delivery to the Secretary of State on March 8, 1988. Supreme Court further determined that service upon Green Island was timely effected by service upon Kennington, as Green Island's general partner. We agree.

Obviously, Kennington has a dual role in this litigation inasmuch as it is named as a defendant in its "individual" capacity and is also a general partner of Green Island. The law is clear that a partnership may be served by service of a summons with notice upon any one of its general partners (see, CPLR 310 [a]). Conceding the foregoing, it is defendants' position that service of the summons with notice upon Kennington could confer jurisdiction over Green Island only by delivery to Kennington of a second summons with notice specifically directed to Green Island. However, the great weight of New York authority is to the contrary (see, Boyd v United States Mtge. & Trust Co., 187 NY 262; Port Chester Elec. Co. v Ronbed Corp., 28 AD2d 1008; see also, Helfand v Cohen, 110 AD2d 751; Manfrida v City of New Rochelle, 63 AD2d 710; Lac Leasing Corp. v Dutchess Aero, 32 AD2d 949; John's Inc. v Island Garden Ctr., 49 Misc 2d 1086, affd sub nom. Zonneveld & Sons v Island Garden Ctr., 53 Misc 2d 1021; Siegel, NY Prac § 70, at 90 [2d ed]).

In our view, defendants' reliance upon Raschel v Rish (69 NY2d 694) is misplaced. In that case, a hospital and a private physician with staff privileges at the hospital were named as defendants, and a single copy of a summons and complaint was delivered to the hospital administrator (supra). The plaintiff contended that service had been made on the physician pursuant to CPLR 308 (2) by delivery to the hospital administrator, a person of suitable age and discretion at the physician's place of business, and mailing a copy to the physician's home (supra, at 696). The Court of Appeals rejected that contention upon the ground that notice to the physician "depended upon several contingencies" (supra, at 697), including whether the administrator knew that service was being made upon the physician as well as the hospital and that he should notify the physician and furnish him with copies of the papers (supra). In direct contrast, a partnership is statutorily charged with "[n]otice to any partner of any matter relating to partnership affairs" (Partnership Law § 23; cf., Orbis Mar. Enters. v Tec Mar. Lines, 692 F Supp 280, 287; Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551, affd 65 NY2d 865). Finally, because Kennington and Green Island

were both served within the extended limitations period, the issue of whether the parties were "united in interest" (CPLR 203 [b]) is irrelevant *(cf., Raschel v Rish, supra,* at 697).

Turning now to the merits, we conclude that Supreme Court erred in denying plaintiff's motion for summary judgment on the issue of liability against Green Island, as equitable owner of the property upon which plaintiff was injured, and Kennington, its general partner *(see,* Labor Law § 240 [1]; *Caplan v Caplan,* 268 NY 445). Plaintiff supported the motion with his affidavit and that of his co-worker, Albert Lehoisky, Jr., which describe plaintiff's accident in the following manner. On January 14, 1985, plaintiff was employed by L.F. Driscoll as a carpenter and general laborer at the Sagamore Hotel and had been directed to work on the roof of the atrium leading to the Sagamore Conference Center building. Access to the roof was gained by climbing a scaffold and then a ladder which extended from the scaffold to the eave of the roof. Once on the roof, plaintiff continued up to the peak by climbing a series of two-by-four cleats nailed ladder-fashion into the roof by a L.F. Driscoll laborer. When plaintiff put his weight on the highest cleat, it ripped free from the roof, causing plaintiff to fall to the ground below, striking a shingle hoist on the way.

Evidence that a safety device collapsed, broke down or malfunctioned for no apparent reason, thereby causing injury to a worker situated upon it, establishes prima facie liability under Labor Law § 240 (1) and shifts the burden to defendants to submit evidentiary facts which would raise a factual issue *(see, Drew v Correct Mfg. Corp.,* 149 AD2d 893; *Spose v Ragu Foods,* 124 AD2d 980; *Braun v Dormitory Auth.,* 118 AD2d 614; *Hauff v CLXXXII Via Magna Corp.,* 118 AD2d 485; *cf., Styer v Vita Constr.,* 174 AD2d 662). In opposition to the motion, defendants came forward with no proof that contradicted plaintiff's showing, thereby mandating a grant of summary judgment in plaintiff's favor. The argument that the existence of other safety devices, i.e., the scaffold and ladder which plaintiff used to reach the eave of the roof, precludes a grant of summary judgment is patently meritless. There is no competent evidence to support a finding that any other available equipment would have provided plaintiff with access to the peak of the roof. As to the speculation that available ropes or lifelines may have prevented plaintiff's injuries, we merely note that "an owner and contractor do not fulfill their statutory obligation and thereby escape the imposition of absolute

liability merely by demonstrating that there was present somewhere at a job site [another safety device] which might have been used by a worker for the safer performance of his assigned work" *(Heath v Soloff Constr.,* 107 AD2d 507, 512; *see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524; *Goldthwait v State of New York,* 120 AD2d 969, 970-971).

█ Finally, the record establishes that Green Island, Kennington and the IDA exercised no control or supervision over the work site and that L.F. Driscoll constructed the faulty cleat and was solely responsible for construction methods, safety practices and the furnishing of safety equipment to workers on the job. Accordingly, Supreme Court should have granted summary judgment in favor of defendants and the IDA on their cause of action against L.F. Driscoll for common-law indemnity *(see, Kelly v Diesel Constr. Div. of Carl A. Morse,* 35 NY2d 1; *DeWitt v Pizzagalli Constr. Co.,* 183 AD2d 990, 992-993; *Schwalm v County of Monroe,* 158 AD2d 994; *Pietsch v Moog Inc.,* 156 AD2d 1019, 1020-1021; *cf., Young v Casabonne Bros.,* 145 AD2d 244, 247-248). For the same reason, L.F. Driscoll's indemnity claim against defendants and the IDA should be dismissed.

MIKOLL, J. P., YESAWICH JR., MAHONEY and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, plaintiff is granted summary judgment against defendants Green Island Associates and Kennington Properties, Inc. on the issue of said defendants' liability, said defendants and third-party defendant Warren and Washington Industrial Development Agency are granted summary judgment on their third-party action and cross claim for common-law indemnity against third-party defendant L.F. Driscoll Company, and the cross claim asserted in the answer of third-party defendant L.F. Driscoll Company is dismissed.