■ LAWRENCE DRAISS et al., Respondents, v IRA S. SALK CONSTRUCTION CORPORATION et al., Defendants, and EILEEN NEMEROFF, Defendant and Third-Party Plaintiff-Appellant. RISE STEEL ERECTION CORP., Third-Party Defendant-Respondent. [608 NYS2d 287] —In an action to recover damages for personal injuries, etc., the defendant Eileen Nemeroff, as Administratrix of the Estate of Kenneth Nemeroff, deceased, d/b/a Sayville Plaza Development Co., appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 6, 1992, as granted that branch of the plaintiffs' motion which was for summary judgment against her and denied her cross motion for summary judgment against the third-party defendant Rise Steel Erection Corp.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Lawrence Draiss, a structural ironworker employed by the third-party defendant Rise Steel Erection Corp. (hereinafter Rise Steel), was injured when he fell from a ladder at a construction site for a project known as the Sayville Plaza Shopping Center in Islip. The appellant, Eileen Nemeroff, as Administratrix of the Estate of Kenneth Nemeroff, deceased, d/b/a Sayville Plaza Development Co. (herein-

after Sayville) is the owner of the premises where the accident occurred. The record shows, and the court determined, that the defendant Ira S. Salk Construction Corporation (hereinafter Salk) was the general contractor of the project.

In violation of Labor Law § 240 (1), neither the owner nor the general contractor had provided proper safety devices, such as scaffolding or safety nets and lines, at the work site. Such safety devices are required by the statute when a ladder is in use. Moreover, the ladder from which the plaintiff fell had a broken rung and had been placed upside down so that it was resting on two small rubber wheels, rather than on its regular solid footing.

The court properly concluded from this evidence that the defendants Sayville and Salk were strictly liable for Lawrence Draiss's injuries, as their failure to provide the proper safety equipment proximately caused those injuries (see, Labor Law § 240 [1]; see also, Bland v Manocherian, 66 NY2d 452, 459; Zimmer v Chemung County Performing Arts, 65 NY2d 513; Bulson v 1929 Assocs., 152 AD2d 529). Moreover, where, as here, there is no evidence of the injured plaintiff's refusal to use other, allegedly safer, ladders at the work site, the owner and/or general contractor are absolutely liable under the statute (see, Bland v Manocherian, supra, at 461; Zimmer v Chemung County Performing Arts, supra, at 520-521; see also, Arbusto v Fordham Univ., 160 AD2d 191; Koumianos v State of New York, 141 AD2d 189; Heath v Soloff Constr., 107 AD2d 507, 512). Thus, the plaintiffs were entitled to summary judgment on the issue of liability.

We also find that the court's denial of Sayville's cross motion against Rise Steel for summary judgment on the issue of damages, on a theory of implied indemnity, was appropriate. The Supreme Court noted that this case is in the early stages of discovery. Thus, it could not determine without, for example, further deposition testimony, whether Sayville is merely vicariously at fault, and/or whether one or more of the other named parties to the action may be held financially responsible to Sayville for indemnification or contribution (see, Young v Casabonne Bros., 145 AD2d 244, 247-248). Sullivan, J. P., Joy, Friedmann and Goldstein, JJ., concur.