■ RANDALL McNAIR et al., Plaintiffs, v MORRIS AVENUE ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants. METAL MANUFACTURING Co., Third-Party Defendant-Respondent. [610 NYS2d 314] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plain-

tiff Morris Avenue Associates appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered April 14, 1992, as denied its cross motion for summary judgment against the codefendant Stony Brook Projects, Inc., and the third-party defendant Metal Manufacturing Co. for common-law indemnification, and (2) the defendant third-party plaintiff Stony Brook Projects, Inc., appeals, as limited by its brief, from so much of the order as denied its cross motion for summary judgment against the third-party defendant Metal Manufacturing Co. for common-law indemnification.

Ordered that the order is modified, on the law, (1) by deleting therefrom the provision which denied that branch of the cross motion of Morris Avenue Associates which was for summary judgment against the third-party defendant and substituting therefor a provision granting that branch of the cross motion, and (2) by deleting therefrom the provision which denied the cross motion of Stony Brook Projects, Inc., for summary judgment against the third-party defendant and substituting therefor a provision granting that cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants appearing separately and filing separate briefs.

Morris Avenue Associates (hereinafter Morris Avenue), the owner of property located in Patchogue, New York, entered into a contract with Stony Brook Projects, Inc. (hereinafter Stony Brook), a general contractor, which was to supply labor and materials for the construction of several buildings on the premises. Stony Brook, in turn, subcontracted the job of steel erection of the roof to Metal Manufacturing Co. (hereinafter Metal), which was to supply labor and all the roof materials for the job. The plaintiff Randall McNair, an employee of Metal, was injured when he fell off of a 16-foot high steel beam during construction. The plaintiffs sought and were awarded summary judgment against Stony Brook and Morris Avenue for their violation of Labor Law § 240 (1).

A general contractor or owner of premises held liable to an injured subcontractor's employee under Labor Law § 240 is entitled to full common-law indemnification from a subcontractor whose negligence was the sole cause of the worker's injuries, regardless of the existence of an indemnification covenant or agreement (see, Kelly v Diesel Constr. Div., 35 NY2d 1; Edlin v Glinsky, 154 AD2d 648; Bulson v 1929 Assocs., 152 AD2d 529, 530; Leon v Peppe Realty Corp., 190

AD2d 400, 411; *Allman v Ciminelli Constr. Co.*, 184 AD2d 1022, 1023; *Brown v Sagamore Hotel*, 184 AD2d 47, 52; *Serino v Miller Brewing Co.*, 167 AD2d 917, 919; *Pietsch v Moog, Inc.*, 156 AD2d 1019). Here, the evidence clearly established that neither Stony Brook nor Morris Avenue controlled or supervised the construction procedures or safety measures employed by Metal and therefore were entitled to indemnification. However, since both Stony Brook and Morris Avenue were each only vicariously liable to the plaintiffs under Labor Law § 240 (1), there is no implied duty of indemnification between those two parties *(see generally, Mas v Two Bridges Assocs.*, 75 NY2d 680). Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.