■ WILLIAM EDHOLM, Appellant-Respondent, v SMITHTOWN DICANIO ORGANIZATION, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendant. GRACO CONSTRUCTION CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendants. [629 NYS2d 86] —In an action to re-cover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated August 4, 1994, as

denied his motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), and the defendant third-party plaintiff Smithtown DiCanio Organization, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment against the third-party defendant Graco Construction Corp. on the issue of indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and subsituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff and the third-party defendant Graco Construction Corp. by the defendant Smithtown DiCanio Organization, Inc.

The plaintiff was entitled to partial summary judgment on the issue of liability under Labor Law § 240 (1). The plaintiff submitted unrefuted proof that he was injured because the roof trusses upon which he was standing collapsed due to excessive weight *(see, Richardson v Matarese,* 206 AD2d 353; *Lagzdins v United Welfare Fund-Sec. Div.,* 77 AD2d 585; *see also, Bras v Atlas Constr. Corp.,* 166 AD2d 401; *LaLima v Epstein,* 143 AD2d 886) and that no safety devices were operating to prevent the collapse or the plaintiff's fall *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

However, the Supreme Court correctly denied the motion of the defendant Smithtown DiCanio Organization, Inc., for summary judgment on the issue of common law indemnification against Graco Construction Corp. as there were questions of fact as to which of the various contractors shared responsibility for this accident *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1; *Draiss v Salk Constr. Corp.,* 201 AD2d 698; *McNair v Morris Ave. Assocs.,* 203 AD2d 433; *Young v Casabonne Bros.,* 145 AD2d 244). Bracken, J. P., Copertino and Hart, JJ., concur.

Balletta, J., concurs with the following memorandum: I concur with the majority on constraint of this Court's previous holding in *Richardson v Matarese* (206 AD2d 353) and the holding of the Court of Appeals in *Zimmer v Chemung County Performing Arts* (65 NY2d 513) which, in reversing an order of the Appellate Division, Third Department, quoted with approval Justice Mikoll's statement that "[i]f the state of the building art is such that no devices have yet been devised to protect workers operating at such heights in dangerous work, it is illogical to conclude, given the purpose of the statute, that the responsibility of owners and contractors is then negated"

*(Zimmer v Chemung County Performing Arts*, 102 AD2d 993, 995 [dissent of Mikoll, J.]).

However, I cannot help but wonder if the Legislature truly intended for the statute to apply in a situation such as this where no safety device could have prevented the plaintiff's injuries when the roof on which he was standing completely collapsed. I note that there was no evidence that the roof was negligently constructed or maintained.

Accordingly, I would suggest that perhaps it is time for the Legislature to review the statute and this area of the law again.