■ MICHAEL FREEMAN, Plaintiff, v NATIONAL AUDUBON SOCIETY, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. BOAC LIMITED, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [663 NYS2d 625] —In an action to recover damages for personal injuries based upon a violation of Labor Law § 240 (1), the third-party defendant BOAC Limited appeals from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated June 26, 1996, as granted the cross motion of the defendant third-party plaintiff National Audubon Society, Inc., for summary judgment on the issue of common-law indemnity.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion is denied.

The third-party defendant BOAC Limited (hereinafter BOAC), a clothing wholesaler, undertook renovations of a store in Manhattan on behalf of the defendant Roosevelt Connection Ltd. (hereinafter Roosevelt), a retail company which it wholly owned. BOAC engaged the services of second third-party defendant Don McErlean Construction (hereinafter McErlean Construction) to supervise the project. Various carpenters, including the plaintiff, were hired to work at the site on BOAC's payroll.

While installing ceiling framing, the plaintiff fell from a ladder, fracturing his ankle. He was granted summary judgment

on his Labor Law § 240 (1) claims against both Roosevelt and the defendant third-party plaintiff National Audubon Society, Inc. (hereinafter Audubon), which owned the building where the store was located. Audubon, in turn, was granted summary judgment on its claim for common-law indemnification against BOAC and contractual indemnification against Roosevelt.

The only issue on appeal is whether the court properly granted summary judgment with regard to Audubon's claim for common-law indemnification against BOAC. We conclude that it did not.

Although an owner or general contractor held vicariously liable for a plaintiff's injuries under Labor Law § 240 (1) is entitled to full common-law indemnification from the " 'actor who caused the accident' " (*Young v Casabonne Bros.*, 145 AD2d 244, 247; *see also, Chapel v Mitchell*, 84 NY2d 345; *Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6-7; *Dickstein v Sarwil Assocs.*, 221 AD2d 496; *Mackey v Beacon City School Dist.*, 216 AD2d 534; *Richardson v Matarese*, 206 AD2d 354), where more than one party might be responsible for the accident, summary judgment granting indemnification against one party is improper (*see, Edholm v Smithtown Dicanio Org.*, 217 AD2d 569; *Young v Casabonne Bros., supra; La Lima v Epstein*, 143 AD2d 886; *cf., McNair v Morris Ave. Assocs.*, 203 AD2d 433; *Draiss v Salk Constr. Corp.*, 201 AD2d 698; *Brant v Republic Steel Corp.*, 91 AD2d 841).

It was improper for the court to hold that Audubon was entitled to common-law indemnification from BOAC while at the same time stating that "[n]othing in this decision shall be construed to determine the liability of * * * McErlean Construction, the contractor". Only if it was determined as a matter of law that McErlean Construction was not responsible for the plaintiff's injuries would summary judgment have been appropriate (*see, Edholm v Smithtown Dicanio Org., supra; Young v Casabonne Bros., supra; La Lima v Epstein, supra*). This determination, however, cannot be made on the record before us inasmuch as Donald McErlean has not yet been deposed and his degree of control or supervision of the plaintiff's work, which is relevant to assessing the responsibility, if any, of McErlean Construction, is unclear (*see, Edholm v Smithtown Dicanio Org., supra; Graziano v 118-17 Liberty Ave. Mgt. Corp.*, 209 AD2d 582; *Stimson v Lapp Insulator Co.*, 186 AD2d 1052). Accordingly, summary judgment on the issue of common-law indemnification was prematurely granted. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.