■ ROBERT BARABASH, Plaintiff, v FARMINGDALE UNION FREE SCHOOL DISTRICT, Also Known as FARMINGDALE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. ECKERT IRONWORKS, INC., Third-Party Defendant-Respondent. [674 NYS2d 379] —In an action to recover damages for personal injuries, the defendant third-party plaintiff Farmingdale Union Free School District appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated April 4, 1997, as denied its cross motion for partial summary judgment on the issue of liability against the third-party defendant Eckert Ironworks, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The third-party defendant, Eckert Ironworks, Inc. (hereinafter Eckert), was hired as a subcontractor to repair steel beams in the Farmingdale High School building after a fire had damaged the structure of the building. The plaintiff, an Eckert employee, was injured when a steel beam he was preparing to weld fell on him, causing him to fall off the ladder on which he stood. The evidence indicated that the cable of the hoist, the safety device securing the beam to the ceiling so that the beam could be welded, had snapped. The hoist was manufactured by the defendant, Genie Industries, and it was rented to Eckert by the defendant American Rent All Equipment Corp.

The Supreme Court granted the plaintiff's motion for summary judgment against the defendant third-party plaintiff, Farmingdale Union Free School District a/k/a Farmingdale School District (hereinafter Farmingdale), on the ground that Farmingdale, as the owner of the premises where the plaintiff performed his work, was strictly liable for the plaintiff's injuries pursuant to Labor Law § 240 (1). Farmingdale cross-moved for partial summary judgment against Eckert for common-law indemnification. The court denied the cross motion by Farmingdale.

Where more than one party might be responsible for an accident, summary judgment granting indemnification against one party is improper (*see, Freeman v National Audubon Socy.,* 243 AD2d 608; *see also, Edholm v Smithtown DiCanio Org.,* 217 AD2d 569). In this case, there was a question of fact as to whether Genie Industries, American Rent All Equipment

Corp., or Eckert bore the responsibility for the failure of the hoist to hold the steel beam in place (*see, Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577). Therefore, the Supreme Court did not err by denying the cross motion by Farmingdale. Altman, J. P., Krausman, Florio and Luciano, JJ., concur.