■ THOMAS MORAN, Respondent, v CORPORATE PROPERTY INVESTORS et al., Defendants and Third-Party Plaintiffs-Respondents. McLEAN STEEL, INC., Third-Party Defendant-Appellant-Respondent, and CAPCO STEEL, INC. Third-Party

Defendant-Respondent-Appellant. (And Another Third-Party Action.) [674 NYS2d 752] —In an action to recover damages for personal injuries, the third-party defendant McLean Steel, Inc., appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated July 1, 1997, as (1) granted the cross motion of the defendants third-party plaintiffs Corporate Property Investors, Pankow Builders, Inc., and Pembrook Management, Inc., for summary judgment against it, directing it to defend and indemnify the defendants third-party plaintiffs, and (2) denied its cross motion for summary judgment on its cross claim against the third-party defendant Capco Steel, Inc., and the third-party defendant Capco Steel, Inc., cross-appeals from so much of the same order as (1) denied its motion to dismiss the plaintiff's Labor Law § 240 (1) cause of action, and (2) granted the plaintiff's cross motion for summary judgment on its Labor Law § 240 (1) cause of action.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying the cross motion of McLean Steel, Inc., for summary judgment on its cross claim against Capco Steel, Inc., and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff and the third-party defendant McLean Steel, Inc., payable by the third-party defendant Capco Steel, Inc.

The plaintiff established prima facie entitlement to summary judgment on his cause of action pursuant to Labor Law § 240 (1) by submitting evidence indicating that while working on an I-beam suspended four feet in the air, he fell to the ground, and that he had not been provided with any safety devices to help prevent or break his fall (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). The third-party defendant Capco Steel, Inc. (hereinafter Capco) failed to submit evidence sufficient to raise a triable issue of fact in this regard (*see, Figueroa v Manhattanville Coll.*, 193 AD2d 778).

The Supreme Court erred, however, in denying the cross motion of McLean Steel, Inc. (hereinafter McLean), for summary judgment on its cross claim for indemnification against Capco, since the evidence established that McLean neither controlled nor supervised the construction procedures or safety measures (*see, McNair v Morris Ave. Assocs.*, 203 AD2d 433).

Finally, the Supreme Court properly found that McLean had breached its obligation, pursuant to its contract with third-party plaintiffs Corporate Property Investors, Pankow Builders, Inc., and Pembrook Management, Inc., to procure insur-

ance (*see, Kinney v Lisk Co.*, 76 NY2d 215). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.