PHILIP M. DOHERTY et al., Plaintiffs, v PALMYRA-MACEDON CENTRAL SCHOOL DISTRICT et al., Defendants. PALMYRA-MACEDON CENTRAL SCHOOL DISTRICT, Third-Party Plaintiff, v SYRACUSE SHEET METAL CO., Third-Party Defendant-Respondent. PALMYRA-MACEDON CENTRAL SCHOOL DISTRICT, Third-Party Plaintiff-Respondent, v GEBHARDT ASSOCIATES, INC., Third-Party Defendant-Appellant. DIAMOND ROOFING COMPANY, INC., Third-Party Plaintiff, v GEBHARDT ASSOCIATES, INC., Third-Party Defendant. [730 NYS2d 760] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Third-party defendant Gebhardt Associates, Inc. (Gebhardt) appeals from those parts of an order granting the motion of third-party defendant Syracuse Sheet Metal Co. (Syracuse Sheet Metal) for summary judgment dismissing Gebhardt's cross claim against it and granting the cross motion of third-party plaintiff Palmyra-Macedon Central School District (School District) for a conditional judgment of common-law indemnification against Gebhardt. Because there is no evidence that Philip M. Doherty (plaintiff) sustained a grave injury within the meaning of Workers' Compensation Law § 11, there is no merit to Gebhardt's contention that Syracuse Sheet Metal be retained as a party in this litigation. Consequently, Supreme Court properly dismissed Gebhardt's cross claim against Syracuse Sheet Metal.

We agree with Gebhardt, however, that the School District is not entitled to a conditional judgment of common-law indemnification against it at this juncture. "[W]here more than one party might be responsible for the accident, summary judgment granting indemnification against one party is improper" (*Freeman v National Audubon Socy.*, 243 AD2d 608, 609; *see, Edholm v Smithtown DiCanio Org.*, 217 AD2d 569, 570). The record establishes that defendant Diamond Roofing Company, Inc. (Diamond) may be responsible in part for the accident. Diamond directed the work of the roofers, including plaintiff, and failed to provide safety devices. Thus, the School District's cross motion was premature, and we modify the order accordingly. Common-law indemnification may be appropriate if the School District establishes at trial that a defect in the roof panel was the proximate cause of plaintiff's fall.

We do not consider the contention of Gebhardt, raised for the first time on appeal, that Diamond should be required to indemnify the School District pursuant to their agreement (*see, Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals,* 95 NY2d 437, 442). Finally, the School District failed to take an appeal, and thus its contention that the indemnification order should have been unconditional is not properly before us. (Appeal from Order of Supreme Court, Wayne County, Kehoe, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.