■ DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., Respondent, v CONTOUR ERECTION & SIDING SYSTEMS, INC., Appellant. [791 NYS2d 792]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered February 9, 2004. The order, insofar as appealed from, granted that part of the motion of plaintiff seeking summary judgment on its third cause of action for contractual indemnification and denied that part of defendant's cross motion seeking summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff contracted with defendant to con-

struct a steel roller coaster at its theme park. After construction and during testing of the roller coaster trains, a train became stuck on the track. Upon plaintiff's request, defendant attempted to move the train along the track, using first a crane and then a bulldozer. The front car of the train sustained damage during that maneuver. Plaintiff commenced this action against defendant to recover for that damage.

Supreme Court properly denied that part of defendant's cross motion for summary judgment seeking dismissal of the contractual indemnification cause of action. Contrary to defendant's contention, the indemnification agreement applied to the work defendant was performing at the time the train was damaged. The indemnification agreement by its terms formed a part of "any purchase order, work order, invoice, or contract, whether written or oral." Here, defendant was performing work pursuant to a verbal work order between plaintiff and defendant, and therefore the indemnification agreement is applicable.

We agree with defendant, however, that the court erred in granting that part of plaintiff's motion seeking summary judgment on the contractual indemnification cause of action. We therefore modify the order accordingly. The indemnification agreement provided that defendant would indemnify plaintiff from damages arising out of the acts or omissions of defendant. The agreement defined acts or omissions to include, inter alia, negligence "or any other misfeasance, malfeasance, [or] nonfeasance." Plaintiff failed to establish as a matter of law that it sustained damages due to the acts or omissions of defendant.

Plaintiff failed to appeal from the order, and thus its contention that the court erred in granting that part of the cross motion of defendant for summary judgment on its counterclaim is not properly before us (*see Doherty v Palmyra-Macedon Cent. School Dist.*, 286 AD2d 950, 951 [2001]; *Oriskany Falls Fuel v Finger Lakes Gas Co.*, 186 AD2d 1021, 1022 [1992]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.