■ Allan Crawford, Jr., et al., Respondents-Appellants, v Herman Leimzider, Appellant-Respondent, et al., Defendant, and Yudel Kahan et al., Respondents. (And Two Third-Party Actions.) — In an action to recover damages for personal injuries, etc., sustained in a construction accident, defendant Herman Leimzider appeals from an order of the Supreme Court, Orange County (Green, J.), dated November 29, 1982, which granted plaintiffs' motion for permission to serve a late reply to Leimzider's counterclaim, and denied Leimzider's cross motion for leave to enter a default judgment, and plaintiffs appeal, as limited by their brief, from so much of an order of the same court (Delaney, J.), dated April 18, 1983, as granted that branch of defendants Yudel and Leah Kahans' motion which sought to amend their answer to assert a counterclaim for indemnification and/or contribution against plaintiffs under subdivision 1 of section 240 of the Labor Law. ¶ Order dated November 29, 1982, affirmed. No opinion. ¶ Order dated April 18, 1983 reversed, insofar as appealed from, and that branch of the Kahans' motion noted above denied. ¶ Plaintiffs are awarded one bill of costs payable by appellant-respondent and respondents appearing separately and filing separate briefs. ¶ Plaintiff Allan Crawford had been hired by defendant Leimzider to install siding on a building owned by the Kahans. He brought his own scaffold to the site. ¶ On June 18, 1981, the scaffold upon which Allan Crawford was working collapsed, causing him to sustain physical injuries. On or about September 14, 1981, the Crawfords commenced suit, *inter alia,* against Leimzider and the Kahans. The complaint asserted causes of action sounding in negligence, violations of sections 200 and 240 and subdivision 6 of section 241 of the Labor Law, and, on behalf of Susan Crawford, loss of her husband's services. In his answer, Leimzider asserted a counterclaim, in which he stated that if the Crawfords recovered a verdict against him, he was entitled to recover full indemnification from the Crawfords. The Kahans interposed an answer asserting, *inter alia,* two affirmative defenses alleging that Allan Crawford's injuries were caused in whole or in part by his own negligence and further, that he assumed the risks of the accident. The Kahans moved to amend their answer to assert a counterclaim. The proposed counterclaim sought indemnification and/or contribution from the Crawfords on the ground that Allan Crawford assumed control of the work site and provided the scaffold which ultimately collapsed. The Kahans alleged that as such, any damages and injuries sustained by the Crawfords were caused by Allan Crawford's own negligence and his breach of sections 240 and 241 of the Labor Law. The Crawfords opposed the motion to amend on the ground that, as a matter of law, a counterclaim for indemnification and/or contribution could not be validly asserted against them. Special Term granted that branch of the Kahans' motion which sought to amend their answer to assert a counterclaim for indemnification and/or contribution against the Crawfords under subdivision 1 of section 240 of the Labor Law. In

our view, Special Term erred in making this determination. ¶ Section 240 of the Labor Law creates a nondelegable duty on the part of owners, general contractors and their agents to provide scaffolding and other protective devices so as to provide a safe place to work for all workmen on the job (*Haimes v New York Tel. Co.*, 46 NY2d 132). A violation of the statute which proximately causes injuries to a member of the class for whose benefit the statute was enacted renders the owner and general contractor absolutely liable (*Haimes v New York Tel. Co., supra; Mack v Altmans Stage Light. Co.*, 98 AD2d 468; *Whelen v Warwick Val. Civic & Social Club*, 63 AD2d 646, affd 47 NY2d 970; *Larabee v Triangle Steel*, 86 AD2d 289; see *Horning v Gore*, 87 AD2d 34, mot for lv to app den 57 NY2d 604; *Yearke v Zarcone*, 57 AD2d 457, mot for lv to app den 43 NY2d 643). Liability is imposed without regard to principles or concepts of negligence. ¶ As the duty of the owner and general contractor is absolute, an injured workman's contributory fault or assumption of the risk may not be asserted as a defense to the imposition of such liability (*Evans v Nab Constr. Corp.*, 80 AD2d 841, mot for lv to app dsmd 54 NY2d 785). This is true even where the workman erected his own scaffold, the owner and contractor exercised no supervision, control or direction over the work being performed, and the workman was a self-employed independent contractor (*Haimes v New York Tel. Co., supra*). ¶ Allan Crawford, whether classified an agent or independent contractor, because of the type of work he was performing, was within the class entitled to the statute's protection. Special Term should not have granted that branch of the Kahans' motion which sought to amend their answer to assert the counterclaim. Regardless of the label, the counterclaim is predicated on Allan Crawford's fault or culpable conduct in erecting the scaffolding, which, under *Haimes v New York Tel. Co. (supra)*, is irrelevant (see *Evans v Nab Constr. Corp., supra; Horning v Gore, supra*). ¶ Accordingly, the order of Special Term granting that branch of the Kahans' motion is reversed, insofar as appealed from. ¶ We have reviewed the other contentions of the parties and find them to be without merit. Gibbons, J. P., Bracken, Weinstein and Lawrence, JJ., concur.