OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiffs move for. summary judgment pursuant to CPLR 3212 dismissing the third-party complaint as regards both third-party defendants. The motion as regards third-party defendant Gatley Construction is based on an argument that a third-party complaint in an action under Labor Law § 240 against a partnership of which plaintiff is a member is impermissible. The motion as regards third-party defendant Basile is based on an argument that a showing of active negligence on the part of Basile is required and that no such showing sufficient to defeat a summary judgment motion has been made.
Briefly, the facts underlying this action are as follows: Gatley Construction, an unincorporated partnership of plaintiff, Thomas S. Gatley, and third-party defendant, Richard Basile, *210 was hired by defendants to do remodeling and renovation work for the defendants on premises owned by them. The scaffolding used by Gatley Construction was provided by the defendants; such scaffolding was on wheels and was rolled into position by plaintiff and third-party defendant Basile. One or both of the partners would then engage the locking mechanism on each of the four wheels. While both plaintiff and Basile were on the scaffolding, the scaffolding slipped and plaintiff’s injuries were caused by his resulting fall.
The initial question raised by plaintiff is whether an owner with a nondelegable and absolute duty under Labor Law § 240 may maintain a third-party action for contribution or indemnification against an unincorporated general contractor of which plaintiff is a partner. To this court’s knowledge, this question has not been decided by any court in this State in a reported opinion. The Second Department recently decided in Crawford v Leimzider (100 AD2d 568 [1984]) that an owner or contractor cannot maintain a third-party action for contribution or indemnification against a plaintiff where plaintiff was an independent contractor hired by the owner and/or contractor, in that allowing such a claim allows circumvention of the prohibition of the defense of comparative fault as enunciated in Haimes v New York Tel. Co. (46 NY2d 132 [1978]). On the other hand, a corporation, as a separate entity, may be subject to a claim-over. The question presented in this case raises the issue of whether an unincorporated partnership is exempt from contribution and indemnification under the rationale of Crawford, or subject to contribution and indemnification claims as a separate entity.
CPLR 1025 provides that a partnership may be sued in its partnership name. The intention of the section as enunciated in case law interpreting it and its predecessor under the Civil Practice Act, was the treatment of a partnership as a separate entity for pleading purposes, but to leave intact substantive law and rules with regard to the service of individual partners. (Golia v Health Ins. Plan of Greater N. Y., 6 AD2d 884 [2d Dept 1958], affd 7 NY2d 931 [1960]; Martinoff v Triboro Roofing Co., 228 NYS2d 139 [Spec Term, NY County 1962]; Matter of Taylor [Brodt], 90 Misc 2d 793 [Spec Term, NY County 1977].) Under CPLR 1025 and 310, service on a partnership by service of a summons and complaint on one of the partners will subject partnership assets to the claims of the complaint. However, personal liability of the individual partners may only be had by personal service on that partner. (Golia v Health Ins. Plan of Greater N. Y., supra; Martinoff v Triboro Roofing Co., supra.) In the instant case, the summons and complaint in the third-party *211 action were served on Richard Basile individually and as. a partner of Gatley Construction. Plaintiff, as a partner of Gatley Construction with personal liability for partnership liabilities was not served. Certainly, if he had been served, the third-party complaint would be dismissed to him under Haimes (supra) and Crawford (supra). However, the third-party complaint, as served, extends only to partnership assets and personal assets of Richard Basile. Maintenance of such an action violates neither the letter nor spirit of Haimes or of the Second Department’s extension of Haimes in Crawford. Any claim for contribution or indemnification in the instant action could never reach any award to plaintiff as against defendants and third-party plaintiffs. Plaintiffs’ motion to dismiss the third-party complaint as to Gatley Construction is, therefore, denied.
On the other hand, the allegations of negligence on the part of third-party defendants in support of their contribution claim insofar as those allegations pertain to plaintiff’s conduct are to be stricken. A partnership, since it is not a separate entity, does not perform acts of negligence; only the partners or their agents may perform acts of negligence for which the partners individually and as a partnership may be liable. (Golia v Health Ins. Plan of Greater N. Y., supra, at p 885.) Any liability on the part of a partnership for acts of the plaintiff himself, as a partner, would certainly violate, at least, the spirit of the Court of Appeals decision in Haimes (supra). Thus, only allegations of negligence on the part of Richard Basile or his agents other than the plaintiff may be maintained.
Finally, plaintiffs argue that there must be active negligence of third-party defendants in order to claim contribution citing Robinson v Shapiro (646 F2d 734 [2d Cir 1981]). Although this may be a correct statement of law regarding contribution claims against subcontractors, general contractors, like owners, are subject to nondelegable liability regardless of control and regardless of whether there has been active negligence. (Haimes v New York Tel. Co., supra, at p 136; Long v Forest-Fehlhaber, 55 NY2d 154, 159 [1982]; Allen v Cloutier Constr. Corp., 44 NY2d 290, 300 [1978].) Gatley Construction (and Richard Basile) as general contractor, may be liable for contribution without any showing of active negligence.
Even if active negligence were required, there has been a sufficient showing of active negligence to defeat a summary judgment motion. Richard Basile, at examination before trial (EBT), said that he moved the scaffolding and engaged the locking mechanism on the four wheels. There appears to be a *212 sufficient factual issue as to whether Basile may have improperly engaged the wheel locks, particularly in light of his own statement at EBT that he checked the locks and that they appeared to be working. It may be ultimately proven at trial that the responsibility for the accident lies with the general contractor for failing to properly anchor the scaffold. Consequently, summary judgment cannot be granted.
For the foregoing reasons, plaintiffs’ motion is denied in all respects except, as noted above, regarding limitation of allegations in the third-party complaint so as to exclude any allegation of any acts of plaintiff.