■ GREGG S. ROSE et al., Appellants, v MOUNT EBO ASSOCIATES, INC., et al., Respondents. (And a Third-Party Action.)— Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered December 20, 1989 in Putnam County, which, *inter alia,* denied plaintiffs' motion for partial summary judgment.

This action arises out of a construction site accident that occurred on July 24, 1987 at the Fieldstone Ponds Condominiums project, located in the Village of Brewster, Putnam County. The project was owned by defendant Mount Ebo Associates, Inc. Mount Ebo hired defendants John O'Brien and David Zublin, doing business as Orbit Framing Company (hereinafter collectively referred to as Orbit), to perform framing work at the site. Orbit, in turn, subcontracted the exterior siding and trim work to plaintiff Gregg S. Rose (hereinafter plaintiff), operating under the trade name G. S. Rose Contractors (hereinafter Rose). Plaintiff operated this entity as a sole proprietorship.

At the time of the accident, plaintiff was attempting to trim a chimney chase on one of the buildings. Although plaintiff had used his own pump jack scaffolding to access the upper portion of the condominiums while performing other work, on this occasion he allegedly was directed to use a lift truck with an attached platform to reach that level. Plaintiff was standing on the raised platform approximately 32 feet above ground when the lift truck rolled backwards, causing plaintiff to fall.

Plaintiff and his wife thereafter commenced this action for actual and derivative damages resulting from, *inter alia,* violations of Labor Law § 240 (1) and (2) against Mount Ebo and Orbit. Mount Ebo responded by commencing a third-party action against, among others, Rose seeking contribution and indemnification for the alleged negligence of Rose's employees, John Casey and Daniel Hurtt. Plaintiff thereafter moved for summary judgment on the issue of liability, including dismissal of the third-party action against Rose, and for severance of any remaining third-party action against Rose. Supreme Court denied the motion.* This appeal by plaintiff ensued.

Supreme Court erred in denying plaintiff's motion for partial summary judgment. Labor Law § 240 (1), "designed to protect employees working on scaffolding and other elevated structures, imposes absolute liability on an owner or contractor regardless of degree of its control over the work" *(Klien v General Foods Corp.,* 148 AD2d 968, 969; *see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521). Here, at their examinations before trial, both O'Brien and Zublin testified that they (i.e., Orbit) did not provide plaintiff with any scaffolds, belts, ropes or similar safety equipment. Simi-

---

* A cross motion seeking dismissal by Orbit also was granted in part but forms no part of this appeal.

larly, Joshua Arnow, president of Mount Ebo, testified that Mount Ebo did not provide any other safety devices. It is, therefore, clear that Labor Law § 240 (1) was violated. It also is clear that the collapse of the elevated platform on which plaintiff was working caused the personal injuries sustained by plaintiff so that liability is established *(see, Koumianos v State of New York,* 141 AD2d 189, 192).

Liability cannot be negated by defendants' contention that questions of fact exist concerning whether plaintiff's pump jack scaffolding was a proper safety device or whether plaintiff should have used his own pump jack scaffolding to reach the chimney so that the decision to use the lift truck bars recovery. As this court stated in *Conway v New York State Teachers' Retirement Sys.* (141 AD2d 957), "the availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" *(supra,* at 958-959). The mere fact that a plaintiff negligently chooses one method of elevation over another and the device chosen contributes to the accident is not a defense to the absolute liability imposed under the statute *(see, Klien v General Foods Corp., supra; Brown v Petracca & Son,* 124 AD2d 772, 773). Next, defendants' assertion that either plaintiff or Rose's employees were responsible, in whole or part, for the accident is irrelevant. It is well settled that contributory negligence and assumption of risk are not defenses to the imposition of absolute liability under Labor Law § 240 (1) *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-522, *supra).* Moreover, with respect to the issue of liability, because defendants do not contest that plaintiff fell from a height in excess of 20 feet and that there were no guardrails on the platform *(see,* Labor Law § 240 [2]), it is clear that plaintiff is also entitled to summary judgment on the issue of liability under section 240 (2) *(see, e.g., Cartella v Strong Museum,* 135 AD2d 1089, 1090).

Finally, as previously noted, Mount Ebo commenced a third-party action against, *inter alia,* plaintiff under his trade name G. S. Rose Contractors. Because Labor Law § 240 (1) imposes absolute liability, thereby invalidating defenses of contributory negligence and/or assumption of risk, Mount Ebo, relying on *Gatley v Deters* (128 Misc 2d 209), argues that such an action may be maintained against Rose on the ground that it exists separate and apart from plaintiff and is vulnerable to liability by the negligent acts of its employees. We disagree. Because plaintiff operated the business as a sole proprietor-

ship with no distinct existence apart from him, there is no separate company. Under such circumstances, to allow such a claim would vitiate the purpose of Labor Law § 240 (1), even though Mount Ebo couches its third-party claim in terms of vicarious liability. Regardless of the titles used, Mount Ebo's third-party action is predicated on plaintiff's culpable conduct which, under Labor Law § 240 (1), is irrelevant so that the third-party action against Rose must be dismissed. This resolution makes plaintiff's severance motion academic.

Order modified, on the law, with costs to plaintiffs, by reversing so much thereof as denied plaintiffs' motion for partial summary judgment; said motion granted to the extent that partial summary judgment is granted to plaintiffs on the issue of liability and third-party complaint against third-party defendant G. S. Rose Contractors is dismissed; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.