OPINION OF THE COURT
Joan B. Lefkowitz, J.
Can the manufacturer-seller of a product that allegedly injured an employee at his place of employment implead the *26 corporate employer for common-law indemnification or apportionment where the corporation is owned by the employee and his spouse? That is the apparently novel question presented to the court.
Plaintiff William Ruszkowski and his wife own 100% of A-l Contracting, Inc. (hereinafter referred to as A-l). Mr. Ruszkowski claims that he was injured while using a circular saw in connection with his employment at A-l. In his complaint he sets forth causes of action in negligence and breach of warranty against defendant, Sears, Roebuck and Company (hereafter referred to as Sears, Roebuck), for the manufacture, sale and distribution of a defectively designed product. Sears, Roebuck’s answer contains general denials and several affirmative defenses, one of which calls for reducing any recovery by reason of the injured plaintiff’s culpable fault. Sears, Roebuck subsequently commenced a third-party action against A-l for common-law indemnification or apportionment. Prior to any discovery, the third-party defendant moves for summary judgment dismissing the third-party action.
Movant contends that if the third-party action is allowed to stand, the result may be inequitable because whatever allocation of fault is made in the main action would then carry over to the third-party action. For example, if plaintiffs were 30% negligent and were awarded $10,000, the result would be that the award would be reduced to $7,000, to be paid by Sears, Roebuck who, in turn, may recover $3,000 from A-l so that the net final effect is that plaintiffs receive $4,000 and the allocation of their fault has doubled.*
The parties cite and discuss cases that were decided under various provisions of the Labor Law. Section 240 of the Labor Law, which requires owners and contractors to provide safe scaffolding and "other devices”, creates a nondelegable duty and the employee’s fault may not be asserted as a bar to liability nor may it be weighed on principles of comparative negligence. (Crawford v Leimzider, 100 AD2d 568 [2d Dept 1984] [counterclaim for common-law indemnification or apportionment denied].) However, claims premised upon alleged violations of sections 200 and 241 of the Labor Law (safe place to work) do involve comparative negligence principles. (Long v *27 Forest-Fehlhaber, 55 NY2d 154 [1982]; Allen v Cloutier Constr. Corp., 44 NY2d 290 [1978].) Nevertheless, a perusal of the instant complaint reveals that no cause of action is premised upon the provisions of the Labor Law.
In Moxon v Barbour (106 AD2d 558 [2d Dept 1984]) the court held, in a motor vehicle negligence action, that a defendant operator of a vehicle charged with negligence, who impleads the absentee owner for indemnification, cannot recover on that claim. To permit such claim to lie, noted the court, would violate the principle of not imputing negligence to an otherwise vicariously liable person, where the claim is not for personal injury but merely for indemnification.
In cases arising under section 240 of the Labor Law, where comparative negligence is not an issue, one court has not permitted counterclaims for indemnification against the worker in his capacity as a contractor (Horning v Gore, 87 AD2d 34 [3d Dept 1982]) and another court limited a claim over against a partnership to the extent that such claims were restricted to acts of negligence of the partner who was not injured. (Gatley v Deters, 128 Misc 2d 209 [Sup Ct, Niagara County 1985].) Both cases noted, without citation, that claims for indemnification against corporate entities would lie (87 AD2d, supra, at 36; 128 Misc 2d, supra, at 210).
Generally, corporations are formed for a specific business and tax purposes and are deemed to have a separate existence distinct from their shareholders. (Billy v Consolidated Mach. Tool Corp., 51 NY2d 152 [1980]; Walkovszky v Carlton, 18 NY2d 414 [1966].) Ordinarily, an individual shareholder, even one owning 50%, cannot recover for a wrong to the corporation. (New Castle Siding Co. v Wolfson, 63 NY2d 782 [1984].) Cases involving piercing the corporate veil uniformly present situations where an injured person or claimant is seeking to recover from the individual shareholder. (13 NY Jur 2d, Business Relationships, §§ 26-30.)
At bar, plaintiffs in effect are asking the court to disregard the corporate structure for their own benefit. This the court cannot do, at least in the absence of extraordinary circumstances not present here. (Matter of Colin v Altman, 39 AD2d 200 [1st Dept 1972].) In the cited case the petitioner, a sole shareholder of the landlord-corporation, sought eviction of a residential tenant. The governing rule prohibited a corporation from obtaining an eviction since the petitioner could not establish that the rental accommodation was needed for the *28 landlord’s personal use. The court refused to disregard the corporate status in favor of the petitioner-shareholder and said (39 AD2d, supra, at 202): "A distinction is sought to be made because the petitioner is the sole stockholder. In this connection it is noteworthy that the corporate veil is never pierced for the benefit of the corporation or its stockholders. The procedure is only permissible against a purported stockholder who is using the corporate veil to defraud. Nor is some supposed principle of equity involved. The corporate method of doing business or holding property has long been recognized as a legitimate exercise of business discretion. A sole stockholder receives the same protection and immunities that stockholders of multi-owned corporations enjoy. He is also subject to the same disadvantages. He is not the corporation either in law or fact and, having elected to take the advantages, it is not inequitable to subject him to the disabilities consequent upon his election.”
Consequently, the plaintiffs are estopped from asserting that the corporation and themselves are one and the same. No discovery is needed to flesh out the issues. Accordingly, the motion for summary judgment dismissing the third-party action is denied.

 The example is for illustrative purposes only. A-l may be insured so that the recovery to the plaintiffs is not reduced beyond their own comparative negligence. This, of course, is no solace to uninsured plaintiffs who also must bear additional litigation expenses.