■ Frank N. Delzotti et al., Respondents, v American LaFrance, Appellant-Respondent, and City of New York, Respondent-Appellant.

Plaintiff, a firefighter, was injured when a folding step on a fire truck gave way, causing him to fall. There is evidence that the step appeared to have a "jagged" break after the accident, that defendant City provided extensive specifications to defendant manufacturer of the fire truck, and that the City exercised a right of final approval. An engineering expert opined that plaintiff's injuries resulted from a "manufacturing defect" due to "metallurgical deficiencies" in the step, and that the City was negligent in failing to specify detailed requirements for the step.

The opinion of plaintiffs' expert notwithstanding, defendant City, as purchaser of the subject vehicle, is under no duty to provide detailed specifications for every component of a piece of fire apparatus. It is mere common sense that the step ought to be suitable for its ordinary intended purpose of supporting the weight of a fireman (UCC 2-314 [2] [c]), Moreover, it is apparent that the step failed as the result of a latent defect, not discoverable by reasonable inspection, "as a result of

metallurgical deficiencies", according to plaintiffs' expert. The City, as purchaser, is outside the manufacturing or retailing chain with respect to this apparatus. Therefore, plaintiffs have demonstrated no theory of strict products liability or negligence under which the City may be held liable for the injuries alleged.

As to defendant American LaFrance, the record indicates that the step may very well have been defectively manufactured. While American LaFrance asserts that it was not the manufacturer of the step, this does not relieve it of liability as ultimate manufacturer of the fire engine (see, MacPherson v Buick Motor Co., 217 NY 382). Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.