■ MARGARET KARASZ, Also Known as MARGARET KRIKKER, Appellant-Respondent, v ARTHUR SHIP, Respondent-Appellant. —Judgment, Supreme Court, New York County (Peter C. Patsalos, J.), entered May 10, 1990, upon a directed verdict in favor of plaintiff and against defendant on the issue of liability and a jury verdict which awarded plaintiff no damages, unanimously reversed to the extent appealed from by plaintiff, on the law and the facts, the judgment vacated and the matter remanded to the nisi prius court for a new trial on the issue of damages only, without costs.

We discern no genuine dispute that the defendant plastic surgeon neglected to disclose to the plaintiff, a family doctor, that a potential consequence of a blepharoplasty, a surgical procedure to remove excessive skin from the eyelid areas, is a

condition known as lagophthalmos whereby the eyelids fail to close completely. The record clearly indicates that the plaintiff suffers from such condition, resulting in the permanent impairment of her eyelids and requiring the constant use of lubricating drops and ointment to prevent burning, irritation, excessive dryness and infection, as well as vigilant attention to procedures to mitigate the risk of losing her eyesight. As such, the trial court properly directed a verdict for the plaintiff as to liability and causation because the evidence in the record cannot be viewed in a manner upon which the jury could rationally find in favor of the defendant. *(See, Candelier v City of New York,* 129 AD2d 145, 147.)

The jury's award of no money damages, however, is inadequate in view of plaintiff's obvious injuries and deviates materially from what would be reasonable compensation under the circumstances. (CPLR 5501 [c].) Pursuant to CPLR 5522 (b), we note that plaintiff has suffered and will continue to suffer constant pain and discomfort as a result of defendant's malpractice. In addition, the preventive measures she must undertake daily to avoid further damage and irritation to her eyes certainly deprive her of time otherwise spent furthering her own professional career and social life. We cannot speculate as to why this jury awarded the plaintiff no money damages. However, its failure to compensate plaintiff in any way for the permanent injuries sustained without fault of her own was erroneous and must be reversed and a new trial directed on the issue of damages only.

As to defendant's cross-appeal from that part of the judgment directing a verdict in favor of plaintiff on the issue of liability, we have considered his arguments and find them unpersuasive. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.