■ PETER TORRILLO, Plaintiff, v SAMUEL KIPERMAN et al., Defendants and Third-Party Plaintiffs-Respondents. LONG ISLAND CONSTRUCTION COMPANY, Third-Party Defendant-Appellant.—In a negligence action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Lama, J.), entered June 20, 1990, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

On February 19, 1988, the plaintiff and Greg Smith, the sole partners of the Long Island Construction Company, were installing shingles on a house in a residential development owned by the defendants Samuel Kiperman and Milton Steinberg. While working from a scaffold, the plaintiff fell and suffered injuries. Subsequently, the plaintiff commenced an action against Kiperman and Steinberg, as owners of the project, and the defendant Limas Builders, Inc., the project's general contractor, alleging, *inter alia,* violations of Labor Law § 240. Thereafter, the defendants commenced a third-party action against the plaintiff's partnership demanding indemnification and/or contribution for any portion of the injuries caused by the partnership's negligence. After joinder of issue, the partnership moved for summary judgment dismissing the third-party complaint on the ground that it was in fact an action against the plaintiff. The motion was properly denied.

The duty of the owner and general contractor pursuant to Labor Law § 240 is absolute and is unaffected by any contributory fault or assumption of risk on the part of a workman or independent contractor *(see, Zimmer v Chemung County Per-*

*forming Arts,* 65 NY2d 513, 521; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Crawford v Leimzider,* 100 AD2d 568). However, this rule does not mean that a partnership should not be held liable for its own negligence simply because the plaintiff is one of the partners *(see, Ross v Baker,* 123 AD2d 298; *cf., Gatley v Deters,* 128 Misc 2d 209). Here, Greg Smith, the plaintiff's partner, testified at his examination before trial that he and the plaintiff had supplied and assembled the scaffold in question. He also testified that there was at least one other worker present who "helped [him] out a little bit". This testimony raised a question of fact as to whether the partnership was guilty of negligence which caused or contributed to the happening of the accident. Therefore, summary judgment was inappropriate. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.