■ ROBERT PAZ, Appellant, et al., Plaintiff, v CITY OF NEW YORK et al., Defendants, and NEW YORK PUBLIC LIBRARY et al., Respondents.—Judgment, Supreme Court, New York County, entered April 10, 1991 after jury trial before Eugene Nardelli, J., awarding damages in the amount of $656,532, which included $150,000 for past pain and suffering, $51,532 for stipulated past medical and hospital expenses, $270,000 for past loss of earnings, $150,000 for future pain and suffering, $35,000 for future medical and hospital expenses, and no award for future loss of earnings, unanimously modified, on the law and the facts and in the exercise of discretion, to remand for a new trial on the elements of past and future pain and suffering and future loss of earnings, and otherwise affirmed, without costs. Appeal from order of the same court, entered January 24, 1991, denying the injured plaintiff's motion to set aside the verdict, unanimously dismissed, without costs, that order having been subsumed in the judgment.

Plaintiff Robert Paz, a police officer, suffered extensive and grievous injuries, with severe, painful and lasting effects, as a result of a 6-story fall through a concealed shaftway from a roof where he had been conducting surveillance. After a month-long trial, with a 2,000-page record, 19 witnesses and over 100 exhibits, the jury deliberated little more than two hours, until 6:15 on a Friday afternoon, before announcing its verdict in the injured plaintiff's favor. (The Trial Judge had earlier told the jurors that if they were unable to reach a verdict by 6:00 P.M., they would have to resume deliberations on Monday morning.)

In light of the evidence as to the grievous nature of the injuries, we find the award of $150,000 for past pain and suffering to be grossly inadequate, materially deviating from what would be reasonable compensation under the circumstances (CPLR 5501 [c]). A new trial should be granted to reconsider this element of the verdict, and in similar respect, the award for reasonably anticipated future pain and suffering, over a life expectancy of 25.2 more years.

Compensation for past medical and hospitalization expenses was stipulated. Plaintiffs concede that the jury returned a "substantial" award of $35,000 for future costs which were limited to a specified number of future anticipated surgical procedures. The only question is whether a knee problem, which might require future surgery, was causally related to the accident in question. There was expert testimony on both sides of this question, although plaintiff was precluded from introducing x-rays taken by the injured plaintiff's doctor eight months before trial and never shared with the defense. We hold the jury had sufficient record before it to support its verdict in this respect.

As to loss of earnings, we note that past employment opportunity with the police force, according to the injured plaintiff's estimate, would have earned him about $282,000 over the nine years before trial, at the rank of patrolman, and $329,000 if he were to have been promoted to detective at a logical interval along the way. Considering the fact that the injured plaintiff did earn about $10,000 over that span of years, the award of $270,000 was a reasonably conservative estimate.

The zero award for future loss of earnings, over an estimated work life expectancy of 13.9 more years, is inexplicable, in light of the substantial award for the previous nine years, notwithstanding testimony as to the possibility of the injured plaintiff's retraining and employment in another field. We cannot speculate as to the jury's rationale in this regard *(Karasz v Ship,* 180 AD2d 467, 468). Suffice it to say that we find no rational basis for such a verdict, and accordingly remand for consideration at a new trial. Concur—Rosenberger, J. P., Wallach, Kassal and Rubin, JJ.