■ WILLIAM RUSZKOWSKI et al., Plaintiffs, v SEARS, ROEBUCK & COMPANY, Defendant and Third-Party Plaintiff-Respondent. A-1 CONTRACTING, INC., Third-Party Defendant-Appellant.— Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Lefkowitz, J.), entered May 20, 1991 in Rockland County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

On January 10, 1987, while working as an employee of third-party defendant and operating a table saw allegedly designed, manufactured and distributed by defendant, plaintiff William Ruszkowski (hereinafter plaintiff) seriously injured his left hand. Plaintiffs are the principals and sole stockholders of third-party defendant. Following the accident this action was commenced to recover for plaintiff's personal injuries and his wife's derivative claim based on strict products liability and breach of warranty. Defendant answered and initiated a third-party action against third-party defendant, as plaintiff's employer, claiming that third-party defendant (1) failed to maintain the table saw in proper working order, to provide plaintiff with a copy of the operating manual and/or instruct plaintiff in the safe operation of the saw, (2) removed warning labels from the saw, and (3) modified the saw by the removal of certain safety devices. Third-party defendant moved for summary judgment dismissing the third-party complaint for failure to show that any act of negligence on its part was independent of any act of negligence on the part of plaintiff. In denying third-party defendant's motion for summary judgment, Supreme Court commented that third-party defendant was essentially asking it to disregard third-party defendant's corporate structure for the benefit of plaintiffs. This appeal followed and a stay pending appeal has been granted.

In our view Supreme Court erred in denying third-party defendant's motion for summary judgment and its order should be reversed. A corporation can be held liable for the actions of its employee despite the absence of any evidence of an independent act of negligence by the corporation. As an employer the corporation is vicariously liable for torts committed by its employees while acting within the scope of their employment (*Riviello v Waldron,* 47 NY2d 297, 302). In the case of vicarious liability, however, the rules of apportionment do not apply to the employer and its employees because only a single wrong has been committed (*Rogers v Dorchester Assocs.,* 32 NY2d 553, 566). Accordingly, where, as here, a defendant asserts as an affirmative defense that any damages awarded to plaintiffs should be reduced due to the injured plaintiff's culpable conduct (see, CPLR 1411), that defendant cannot also maintain a third-party action against the injured plaintiff's employer seeking to impute to the employer the very same negligence upon which the culpable conduct defense is based (*see, Lachhonna v Consolidated Edison Co.,* 170 AD2d 191).

Defendant contends that third-party defendant breached its duty to provide a safe place to work (see, Labor Law § 200), giving rise to liability which is separate from the corporation's vicarious liability for the acts of its employee. A corporation, however, can act only through human beings (*O'Donnell v K-Mart Corp.,* 100 AD2d 488, 491) and, therefore, any breach of the statutory duty to provide a safe place to work by third-party defendant must have arisen out of some act or omission of its employees. The evidence in this record conclusively establishes that plaintiff was the only employee of third-party defendant who was responsible for supervising the workplace and directing the manner in which the work was to be performed. In these circumstances, there is no difference between a claim which seeks to impute the negligent acts of plaintiff in the assembly, maintenance and operation of the saw that injured him and a claim that third-party defendant breached its duty to provide a safe place to work based upon the acts or omissions of plaintiff in fulfilling his responsibility to supervise the workplace and direct the manner in which the work was to be performed. Third-party defendant, therefore, is entitled to summary judgment dismissing the third-party complaint.

Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to third-party defendant and third-party complaint dismissed. [See, 151 Misc 2d 25.]