■ SAMUEL DIAMOND et al., Plaintiffs, v BANK OF NEW

YORK, Appellant. BANK OF NEW YORK, Third-Party Plaintiff-Appellant, v ENVIROCHROME DECORATING Co., Third-Party Defendant-Respondent. ENVIROCHROME DECORATING Co., Fourth-Party Plaintiff-Respondent, v EASTERN PAINT INDUSTRIES, INC., Fourth-Party Defendant-Respondent-Appellant. EASTERN PAINT INDUSTRIES, INC., Fifth-Party Plaintiff-Respondent-Appellant, v WHITE METAL ROLLING AND STAMPING CORP., Fifth-Party Defendant-Respondent. [605 NYS2d 39] —Judgment, Supreme Court, New York County (William Davis, J.), entered July 29, 1992, which directed a verdict dismissing the third-party complaint of defendant Bank of New York against Envirochrome Decorating Co., and order, Supreme Court, New York County (Beverly Cohen, J.), entered June 23, 1992, which vacated an order dated May 11, 1992, inter alia, granting Bank of New York summary judgment against Envirochrome Decorating Co., unanimously affirmed, with costs. The cross appeal of fifth-party plaintiff Eastern Paint Industries is unanimously dismissed as moot, without costs.

This is an action brought pursuant to Labor Law § 240 (1) in which plaintiff, a painter employed by third-party defendant Envirochrome and doing work at a branch of defendant Bank of New York, seeks to recover for injuries sustained as the result of a fall from a ladder. Plaintiff's motion for a directed verdict was timely since the Bank had closed its evidence with respect to the issue for which judgment was sought (see, CPLR 4401), the only Bank witness who had not yet testified being its medical expert. While the trial court acted within its discretion in precluding the testimony of the Bank's ladder expert for failure to comply both with CPLR 3101 (d) and a stipulation of the parties, in any event, the Bank was not prejudiced in any way by this ruling since the metallurgical deficiencies in the ladder were latent defects that could not have been discovered by Envirochrome through reasonable inspection, could not have provided it with constructive notice, and thus could not serve as a basis for finding it negligent (see, Delzotti v American LaFrance, 179 AD2d 497). No rational view of the evidence (see, Riccio v De Marco, 188 AD2d 847, 849) can support a finding either that Envirochrome was negligent or that its actions were a proximate cause of plaintiff's fall, and thus the directed verdict dismissing the Bank's claim against Envirochrome for common-law indemnification was properly granted (see, Young v Casabonne Bros., 145 AD2d 244, 247-248). Contrary to the Bank's argument, any statutory liability of Envirochrome, as a party in control of

the work site or as the Bank's agent, creates rights running only to plaintiff, not from one tortfeasor to another *(see, D'Amico v Manufacturers Hanover Trust Co.,* 177 AD2d 441, 443), and does not constitute negligence on the part of Envirochrome so as to provide the Bank with a right to indemnification. Concur—Sullivan, J. P., Carro, Wallach and Asch, JJ.