■ JAMES KENDALL et al., Plaintiffs, v VENTURE DEVELOPMENT, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants; KEN KAM CORPORATION, Third-Party Defendant-Respondent. [615 NYS2d 775] —Weiss, J. Appeal from an order of the Supreme Court (Conway, J.), entered November 3, 1993 in Albany County, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff James Kendall (hereinafter plaintiff) was one of three employees of third-party defendant, Ken Kam Corporation[1] (hereinafter Ken Kam), working on the construction of a

---

1. Plaintiff is the sole shareholder of Ken Kam. Nevertheless, Ken Kam, as a corporation, has a distinct and separate existence apart from plaintiff

restaurant. He was injured in a fall when the scaffold platform on which he was working collapsed and he thereafter commenced this action against, among others, defendant Venture Development Inc., the general contractor. Plaintiff's single cause of action (his wife also has a derivative action), as amplified by his bill of particulars, asserts claims in both negligence and under Labor Law §§ 240 and 241. Venture in turn commenced a third-party action against Ken Kam, the subcontractor responsible for the scaffold and for the work that plaintiff was performing at the time of his injury, seeking both indemnification and contribution. Ken Kam moved for summary judgment contending that all of Ken Kam actions involved in the incident were performed by plaintiff or at his direction and under his supervision, and that the third-party action seeks to impute to Ken Kam the very same negligence upon which the culpable conduct defense against plaintiff is based. Supreme Court agreed and dismissed the third-party complaint, principally in reliance upon *Ruszkowski v Sears, Roebuck & Co.* (188 AD2d 967, *lv denied* 82 NY2d 654). Venture appeals.

We reverse. Initially, the rules of apportionment of liability as recast by *Dole v Dow Chem. Co.* (30 NY2d 143) did not alter or detract from the right of one held to be only vicariously liable to obtain full indemnification from the party solely responsible for the accident *(see, Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1, 6; *Rogers v Dorchester Assocs.,* 32 NY2d 553, 564-566). Since *Rogers v Dorchester Assocs. (supra)* formed the basis for the decision in *Ruszkowski v Sears, Roebuck & Co. (supra)* and *Lachhonna v Consolidated Edison Co.* (170 AD2d 191), upon which *Ruszkowski* is premised, Venture's indemnification claim[2] should not have been dismissed.

Venture has stated an affirmative defense which alleges: "The accident and injuries were caused in whole or in part by the contributory negligence, assumption of risk or other culpable conduct of plaintiff or others [over] whom defendant had no control." The case of *Ruszkowski v Sears, Roebuck & Co. (supra)* precludes a third-party plaintiff from seeking to impute to a plaintiff's employer the very same negligence upon which a defense of his own culpable conduct is based. Here,

and his multiple roles *(cf., Rose v Mount Ebo Assocs.,* 170 AD2d 766, 768-769; *see also, Gatley v Deters,* 128 Misc 2d 209). Plaintiff's ownership of Ken Kam is irrelevant to this action.

**2.** Both *Ruszkowski v Sears, Roebuck & Co. (supra)* and *Lachhonna v Consolidated Edison Co. (supra)* involved contribution claims.

however, there is no culpable conduct defense to that aspect of plaintiff's claim involving Labor Law § 240[3] *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521; *Sulem v B.T.R. E. Greenbush,* 187 AD2d 816, 817; *Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 958), and accordingly *Ruszkowski v Sears, Roebuck & Co. (supra)* does not apply *(see, Torrillo v Kiperman,* 183 AD2d 821, 822).

Wholly separate, the record reflects an unresolved factual issue as to which employee's acts or failures resulted in the collapse of Ken Kam's scaffold. While plaintiff's negligent supervision can be imputed to Ken Kam under the doctrine of respondeat superior, this doctrine does not impose upon plaintiff, as supervisor, liability for negligent acts of other Ken Kam employees *(see, Connell v Hayden,* 83 AD2d 30, 50-51). Their acts and failures are imputed to the corporate employer, Ken Kam. Since the relative roles of Ken Kam's three employees in the scaffold failure remain unresolved, summary judgment on that portion of the claims involving a valid culpable conduct affirmative defense against plaintiff's negligence and Labor Law § 241 causes of action was error *(see, Torrillo v Kiperman, supra).*

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.

---

3. The principle articulated in *Ruszkowski v Sears, Roebuck & Co. (supra)* and *Lachhonna v Consolidated Edison Co. (supra)* prevents a double counting of imputed culpable conduct in both a contributory negligence defense against an employee-plaintiff and a comparative negligence claim for contribution for the exact same acts against the employer based upon the doctrine of respondeat superior. Such double counting is not involved here, where the absolute liability of both the contractor and the subcontractor is based on their nondelegable duties under Labor Law § 240.