■ RICHARD BIEBER et al., Respondents, v TOWER BUILDER AND CONTRACTOR CORP. et al., Defendants, et al., Third-Party Plaintiff. D & S CARPENTRY, INC., Third-Party Defendant-Appellant. (And Another Third-Party Action.) [628 NYS2d 368] —In an action to recover damages for personal injuries, etc., the second third-party defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated February 1, 1994, entered upon a decision of the same court dated December 2, 1993, which enforced a conditional stipulation settling the plaintiffs' personal injury action, pursuant to which the second third-party defendant agreed to contribute the sum of $2,500,000, upon a determination, subject to appellate review, that it was not immune from liability.

Ordered that the order is affirmed, with costs.

The plaintiff Richard Bieber was injured in a fall from a scaffold at a construction site. In this action he sought to recover damages, *inter alia*, pursuant to Labor Law § 240 (1). A settlement was reached with the defendants, the general contractor and the subcontractor. The second third-party defendant D & S Carpentry, Inc., of which the injured plaintiff was the president as well as an employee and a shareholder, agreed to a settlement, subject only to the court's determination that the injured plaintiff and his corporate employer were not, "as a matter of law, the same entity". The court so held and we affirm.

Upon the facts as stipulated to by the parties, we agree with the court's finding that the appellant is a distinct legal corporate entity which is not free from vicarious liability for the conceded negligence of its employee. Rather, the court correctly found that the appellant could be liable for contribution and/or indemnification to the defendants to the extent that their damages were attributable to the injured plaintiff's negligence (*see, e.g., Chapel v Mitchell*, 84 NY2d 345; *Danaher v Notafrancesco*, 213 AD2d 444; *Kendall v Venture Dev.*, 206 AD2d 797; *McNair v Morris Ave. Assocs.*, 203 AD2d 433; *Aragon v 233 W. 21st St.*, 201 AD2d 353; *Desrosiers v Barry, Bette & Led Duke*, 189 AD2d 947; *Brown v Sagamore Hotel*, 184 AD2d 47; *Allman v Ciminelli Constr. Co.*, 184 AD2d 1022; *Torrillo v Kiperman*, 183 AD2d 821). Contrary to the appellant's contentions, *Rose v Mount Ebo Assocs.* (170 AD2d 766) is clearly distinguishable upon the ground that in that case the injured employee was essentially self-employed and as a result the third-

party action was dismissed since any indemnification or contribution by the unincorporated third-party defendant employer would have effectively reduced the recovery of the injured employee in violation of the policies underlying the Labor Law. In the instant matter, the injured plaintiff and his employer are distinct legal entities and as such contribution and/or indemnification by the employer is not precluded since the injured plaintiff is not being penalized for his own culpable conduct. Therefore, the settlement was properly enforced. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.