■ PATRICIA A. TAYLOR, Individually and as Administratrix of the Estate of FRANKLIN S. TAYLOR, Deceased, Plaintiff, v T & G CONCRETE PUMPING SERVICE Co., INC., Defendant and Third-Party Plaintiff-Appellant. R. P. MYERS, INC., Third-Party Defendant-Respondent. [633 NYS2d 906] —Judgment unanimously reversed on the law with costs, motion denied and third-party complaint reinstated. Memorandum: Supreme Court should have denied the motion of third-party defendant to dismiss the third-party complaint. A complaint should not be dismissed at the close of the proof unless the evidence, viewed in the light most favorable to plaintiff and given the benefit of all inferences that may be drawn therefrom, does not provide any rational basis for a jury to find in plaintiff's favor *(see, Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245; *Santiago v Steinway Trucking,* 97 AD2d 753).

The record shows that plaintiff's decedent was killed when

he was struck by a pipe elbow that flew off a frozen stand pipe during the course of a grouting operation. Third-party defendant, the employer of decedent, supervised and controlled his activities and had knowledge of the potential dangers presented by ice freezing in the stand pipe. The record further shows that third-party defendant had not taken any precautions after decedent failed to respond to his supervisor's direction that he check the stand pipe for ice before proceeding. No other employee of third-party defendant was directed to check the stand pipe to insure that it was not frozen. Furthermore, there is evidence in the record that safety equipment existed that could have been attached to the transmission line that might have prevented the elbow from flying off the stand pipe. Under those circumstances, the third-party complaint should not have been dismissed because a rational basis exists for a jury to find that third-party defendant violated Labor Law § 200 by failing to provide its employees with a safe place to work.

Third-party defendant's reliance on *Ruszkowski v Sears, Roebuck & Co.* (188 AD2d 967, *lv denied* 82 NY2d 654) is misplaced because third-party plaintiff does not rest its claim on the negligent conduct of decedent. (Appeals from Judgment of Supreme Court, Livingston County, Corning, J.—Dismiss Third-Party Complaint.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.