■ RAYMOND SCHAEFER et al., Respondents, v RCP ASSOCIATES et al., Respondents. FRED LUMPP & SON, INC., Third-Party Plaintiff-Respondent, v SUPERIOR ACOUSTICS, INC., Third-Party Defendant-Appellant. [649 NYS2d 13] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about March 12, 1996, which, *inter alia*, denied third-party defendant Superior Acoustics, Inc.'s motion to set aside the jury verdict finding it 5% negligent, imputed plaintiff's negligence to it, and granted plaintiff's cross-motion to set aside the jury's verdict as to damages, unanimously affirmed, without costs.

In this Labor Law § 240 action, wherein the injured plaintiff worker fell from a ladder, there was sufficient proof of failure to supervise on the part of the third-party defendant-appellant employer to permit the jury to allocate 5% of liability against it (*compare*, *Diamond v Bank of N. Y.*, 199 AD2d 65 [wherein the fall from the ladder was attributable solely to a defect in the ladder]). Plaintiff's own negligence in improperly using the ladder may not be used to defeat his right to compensation for his injuries under the Labor Law, and there is no bar to imputing that degree of negligence to the third-party defendant-appellant employer (*see*, *Bieber v Tower Bldr. & Contr. Corp.*, 216 AD2d 431). Third-party defendant-appellant's attempt to recover that allocable share back from the plaintiff is not permitted precisely because to do so would violate the principles of the Labor Law.

Finally, where the jury awarded a substantial amount of damages for future lost earnings but awarded no damages for

future pain and suffering, as well as minimal damages for loss of services, it cannot be said that the trial court erred in setting aside the jury's verdict as inconsistent and inadequate (*see, Sheffield v New York City Hous. Auth.*, 200 AD2d 369; *Paz v City of New York*, 185 AD2d 793).

We have considered appellant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.