■ NATALINA PIRONI, Plaintiff, v CITY OF NEW YORK et al., Defendants. QUARRY CROTONA HOMES, INC., et al., Third-Party Plaintiffs-Respondents, v PIRONI BROTHERS, INC., et al., Third-Party Defendants-Appellants. (And a Second Third-Party Action.) [649 NYS2d 793] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered July 18, 1995, which, insofar as appealed from, denied third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Comparative negligence is not a defense against a Labor Law § 240 (1) claim (*Kendall v Venture Dev.*, 206 AD2d 797,

799). The problem of "double counting", the basis of third-party defendants' argument for reversal, is not involved "where the absolute liability of * * * the contractor [third-party plaintiffs] * * * is based on [its] nondelegable duties under Labor Law § 240" (*supra*, at 799, n 3). Furthermore, while plaintiff's decedent was the secretary of the company, an employee for the firm, and may have even acted in a supervisory capacity, other employees were responsible for supervising the workplace and directing the manner in which the work was to be performed. The actions of these other employees constituted independent negligence that was distinct from the defense of culpable conduct, even had that defense been deemed a viable one (*cf.*, *Ruszkowski v Sears, Roebuck & Co.*, 188 AD2d 967, *lv denied* 82 NY2d 654).

We have reviewed the remaining claims of the third-party defendants and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.