■ RANDY LAFLEUR, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and CAPITAL CITIES/ABC, INC., Sued Herein as AMERICAN BROADCASTING COMPANY, Respondent and Third-Party Plaintiff-Respondent. PETROCELLI

ELECTRIC, INC., Third-Party Defendant-Appellant. [665 NYS2d 861] —Order, Supreme Court, New York County (Leland De-Grasse, J.), entered on or about December 9, 1996, which denied plaintiff's cross motion to set aside the verdict as to damages, granted third-party plaintiff's posttrial motion for judgment on its claim for common-law indemnification against third-party defendant and denied third-party defendant's cross motion to dismiss the third-party action, unanimously modified, on the facts, to vacate the award of damages and direct a new trial on the issue of damages, and otherwise affirmed, without costs, unless, within 30 days of the date of this order, third-party defendant stipulates to increase the award for past pain and suffering from $15,000 to $100,000 and for future pain and suffering from zero to $75,000, and to entry of judgment in accordance therewith, in which event the order, as so modified, is affirmed, without costs.

The awards of $15,000 for past pain and suffering and zero for future pain and suffering deviate materially from what is reasonable compensation under the circumstances, and we increase the awards to the extent indicated.

The trial court did not err in permitting the jury to consider plaintiff's negligence in determining the liability of plaintiff's employer, third-party defendant on the theory of respondeat superior (*see, Carr v Perl Assocs.*, 201 AD2d 296), and granting full indemnification in favor of the owner, third-party plaintiff. Although third-party plaintiff was previously found to be vicariously liable under Labor Law § 240 (1) (221 AD2d 250), there was no evidence of active negligence on its part. However, there was ample evidence to support the finding against third-party defendant on the theories of respondeat superior and negligent supervision and control.

We have considered appellants' remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.