■ VALERIE McGUIRE, Respondent, v LEROY COBB et al., Respondents-Appellants, and STEVEN B. HUGHES et al., Appellants-Respondents. [672 NYS2d 345] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J.), entered April 1, 1997, after a jury trial, which, *inter alia*, apportioned liability 25% against defendants Leroy Cobb and Times Cab Corp. and 75% against defendants Steven B. Hughes and Frances H. Hughes, and which, upon the partial grant of defendants' motion to set aside the jury verdict, awarded plaintiff, pursuant to stipulation, the reduced amounts of $200,000 for past pain and suffering and $300,000 for future pain and suffering, unanimously affirmed, without costs.

Plaintiff was injured when the taxi cab she was entering, driven by defendant Cobb, was hit from behind by another taxi cab driven by defendant Hughes. Contrary to the contentions of Cobb and his cab's owner, the Times Cab Corp., however, the jury's failure to apportion liability exclusively against the Hughes defendants was not incompatible with "fair interpretation of the evidence" (*Mazariegos v New York City Tr. Auth.*, 230 AD2d 608, 610; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Specifically, the jury's determination not to hold the Hughes defendants exclusively liable was supportable given evidence that the Cobb vehicle had stopped in a lane of moving traffic and that it may well have cut off the Hughes vehicle (*see, Niemiec v Jones*, 237 AD2d 267).

We have considered the parties' other arguments for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.