■ CARMINE GUIGA et al., Plaintiffs, v JLS CONSTRUCTION COMPANY, INC., et al., Respondents, et al., Defendant. JLS CONSTRUCTION COMPANY, INC., Third-Party Plaintiff-Respondent, v AAF TAPING & SPACKLING, INC., Third-Party Defendant-Appellant. [685 NYS2d 1] —Order and judgment (one paper), Supreme Court, New York County (Stanley Sklar, J.), entered February 25, 1998, which to the extent appealed from as limited by third-party defendant-appellant's brief, awarded plaintiffs damages and apportioned liability against third-party defendant AAF Taping & Spackling (AAF), unanimously affirmed, without costs.

The trial court properly denied AAF's motion to set aside the

verdict because, based on the evidence before it, the jury could reasonably have concluded that both AAF and JLS Construction Company (JLS) were negligent, both having had control over plaintiff and/or his work and the work site, and neither having provided any ladder or safety device to plaintiff (*see, LaFleur v Consolidated Edison Co.*, 245 AD2d 36; *Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633; *compare, Diamond v Bank of N. Y.*, 199 AD2d 65). Moreover, because the danger posed by the failure to supply any ladder or safety device was foreseeable, the fact that there was a hidden defect in the ladder plaintiff ultimately used did not sever the causal connection between AAF's negligence and plaintiff's injuries (*see, Ciancio v Woodlawn Cemetery Assn.*, 249 AD2d 86). Accordingly, the verdict was based on a fair interpretation of the evidence before the jury (*see, McGuire v Cobb*, 250 AD2d 397).

The trial court properly precluded AAF's expert from testifying on the custom and practice in the industry, due to AAF's failure to provide the parties with CPLR 3101 notice (*see, Tleige v Troy Pediatrics*, 237 AD2d 772, 773; *Joseph v Roger Morris Apts. Corp.*, 236 AD2d 297). In any event, because AAF presented evidence on the general customs and practices in the trade and on those between it and JLS, any error in failing to allow further evidence on the subject was harmless, since such evidence would have been cumulative.

Contrary to AAF's claim, the trial evidence demonstrated that plaintiff was warned not to use the ladder at issue and that plaintiff was negligent in failing to heed that warning. Upon this evidence, the jury's apportionment of 10% of the liability for negligence to plaintiff was proper. In addition, because AAF was plaintiff's employer, the trial court properly imputed plaintiff's negligence to AAF based on respondeat superior principles, for purposes of the defendants' contribution/indemnification claims (*see, LaFleur v Consolidated Edison Co.*, 245 AD2d 36, *supra*; *Schaefer v RCP Assocs.*, 232 AD2d 286; *Bieber v Tower Bldr. & Contr. Corp.*, 216 AD2d 431). Concur—Lerner, P. J., Williams, Tom and Andrias, JJ.