■ STANLEY TURISSE et al., Respondents, v DOMINICK MILONE, INC., Defendant and Third-Party Plaintiff-Appellant, and TEMPLE BETH SHALOM, Appellant. G. PUGNI & SONS CONSTRUCTION CORP., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [691 NYS2d 94] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Dominick Milone, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered March 13, 1998, as granted the plaintiff's motion for summary judgment on the issue of liability on its cause of action to recover damages under Labor Law § 240 (1), denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action, and granted those branches of the cross motion of the third-party defendant G. Pugni & Sons Construction Corp., which were for summary judgment dismissing the causes of action asserted in the third-party complaint for common-law indemnification and contribution, and the defendant Temple Beth Shalom separately appeals

from so much of the same order as granted the plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

Ordered that the order is modified by deleting the eighth decretal paragraph thereof granting that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the cause of action for contribution asserted in the third-party complaint and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs payable by the defendants to the plaintiffs.

At the time of the accident, the injured plaintiff (hereinafter the plaintiff) was engaged in repairing an acoustical tile ceiling. For purposes of Labor Law § 240 (1), the acoustical tiles constituted a "concealed ceiling", and were an integral part of the building. The ceiling tiles had become damaged and displaced due to a water leak, and the work being performed by the plaintiff was a repair requiring the use of both a ladder and a scaffold. Under these circumstances, the plaintiff was engaged in an activity specifically protected by Labor Law § 240 (1) (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509). While there are inconsistencies in the evidence with respect to the exact manner in which the accident occurred, it is undisputed that no safety devices whatsoever were provided to the plaintiff and that as a result, the plaintiff fell either from the ladder or the scaffold (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Whalen v Sciame Constr. Co.,* 198 AD2d 501). Accordingly, the Supreme Court correctly granted summary judgment to the plaintiffs on their cause of action to recover damages for a violation of Labor Law § 240 (1).

The Supreme Court erred, however, in granting that branch of the cross motion of the third-party defendant which was for summary judgment dismissing the cause of action asserted in the third-party complaint for contribution. The third-party defendant may be vicariously liable for the negligent actions of its employee, the injured plaintiff Stanley Turisse (*see, Torrillo v Kiperman,* 183 AD2d 821).

The defendants' remaining contentions are without merit. O'Brien, J. P., Florio, H. Miller and Smith, JJ., concur.