■ BARBARA D. SCHERER, Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent. [749 NYS2d 727] —Judgment, Supreme Court, New York County (Michael Stallman, J., and a jury), entered July 6, 2001, in an action by an insured against an insurer for breach of a policy of disability insurance, in favor of defendant and against plaintiff, unanimously affirmed, without costs.

The record does not show that plaintiff ever objected to plain statements by the trial court that no references were to be made to the Social Security Administration's determination that plaintiff is disabled, and thus plaintiff's present challenge to the exclusion of such determination is unpreserved (CPLR 4017; *see Horton v Smith*, 51 NY2d 798). Also unpreserved for lack of objection is plaintiff's claim that the trial court abused its discretion in precluding one of her witnesses from testifying as an expert. In any event, such preclusion was appropriate since plaintiff failed to give CPLR 3101 (d) (1) notice and defendant could not have anticipated the subject matter of witness's expert testimony (*see Guiga v JLS Constr. Co.*, 255 AD2d 244; *compare Flour City Architectural Metals v Sky-Lift Corp.*, 242 AD2d 471). Nor does plaintiff provide a record adequate to review her claim of "disparate treatment" in the trial court's permitting defendant's expert to testify without a CPLR 3101 (d) (1) statement having been served (*see Samuels v Cauldwell-Wingate Co.*, 262 AD2d 178). The record is simply silent as to whether plaintiff had ever requested CPLR 3101 (d) (1) disclosure and, if so, whether a disclosure statement for this expert was ever served. Since the trial court stated that the expert would not be allowed to testify if a disclosure statement had not been served, and since the expert subsequently testified without objection, it would appear that the statement

had been served. It also appears that prior to trial, plaintiff was provided with the expert's reports and had an opportunity to take his deposition, both of which were used in cross-examination, eliminating any possible prejudice attributable to the alleged failure to disclose. Concur—Nardelli, J.P., Tom, Lerner, Marlow and Gonzalez, JJ.